AUREA ELENA F. FLEMING, ETC., Petitioner and Appellee, v. PUBLIC SERVICE COMMISSION OF PUERTO RICO, Defendant and Appellant.

No. 7994.   Argued November 15, 1940.—Decided June 5, 1940.

*Tomás Torres Pérez* for appellant.   *Miguel A. Muñoz* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Aurea Elena F. Fleming, trading under the name of "Planta Eléctrica de Yauco," filed in the District Court of San Juan, in accordance with section 28 of Act No. 70 of 1917 (Session Laws, vol. II, p. 526), an appeal from a decision rendered on June 2, 1938, by a majority of the members of the Public Service Commission, declining to take jurisdiction in the matter of the complaint of Aurea Elena F. Fleming, trading under the name of "Planta Eléctrica de Yauco," against Filardi Hermanos, trading under the name of "Planta Hidroeléctrica de Duey."

The District Court of San Juan held that the order or decision of the commission was unreasonable and was not in conformity with the law and consequently reversed the same, remanding the case with directions that the matter be reconsidered and that there should be rendered such reasonable order as might be proper in law, in accordance with the facts proved.

1

Feeling aggrieved by that decision, the Public Service Commission appealed to this Supreme Court.

Aurea Elena F. Fleming in her complaint before the commission alleged that she was the owner of a franchise and business for the supply of electric current for lighting purposes and domestic use in the towns of Yauco and Guayanilla; that she operated this business under the name of "Planta Eléctrica de Yauco"; and that the partnership Filardi Hermanos now operates the "Planta Hidroeléctrica de Duey," by virtue of a franchise which authorizes it to furnish electric current for power purposes within the Municipality of Yauco. That in spite of the express prohibition contained in the franchise of Filardi Hermanos "against the selling, directly or indirectly, or furnishing, directly or indirectly, of said current to the Municipality of Yauco or selling or delivering the same . . . . to any person for lighting purposes in the residence or dwelling of any person, situated within the urban district of Yauco," Planta Hidroeléctrica de Duey has sold and furnished electricity for lighting to numerous customers. Based on the foregoing allegations the complainant requested that the commission direct the respondent to appear and show cause why the proper orders should not be issued with a view to remedying the evil complained of, and enjoining the respondent from committing any further violations of the provisions of its franchise, and that finally the respondent should be warned that in case such a situation continued and was not corrected, the cancellation of its franchise would be decreed.

The respondent filed an answer to the complaint. A hearing before the commission was held at which both parties introduced evidence. On June 2, 1938, the commission, with the dissenting vote of one of its members, adopted a report presented by its law clerk, recommending that the complaint be dismissed, on the ground that the matter was a judicial one which should be determined by a court of justice.

The commission assigns as an only error that the district court rendered a judgment which is unreasonable, arbitrary, and contrary to law. This leads us to an examination and study of the report submitted to the commission by its law clerk. It reads thus:

"REPORT

"Planta Eléctrica de Yauco, by its Attorney Miguel A. Muñoz, filed a complaint against Filardi Hermanos, owner of Planta Hidro-eléctrica de Duey, alleging that Filardi Hermanos has violated the provisions of franchise No. 346 by selling electric current for lighting purposes, whereas the authority granted to it under said franchise is for selling electric current for power purposes.

"Planta Eléctrica de Yauco owns franchise No. 485, which was granted on August 24, 1920, when it was approved by the Governor of Puerto Rico and which was subsequently amended, for the sale of electric current for use in the streets, parks, and public buildings in Guayanilla and Yauco as well as for any other public purpose, and for the distribution and sale thereof to the public for lighting purposes; and also for the use of the waters of the Guayanilla River for the purpose of generating electric current.

"Filardi Hermanos is charged with the violation of franchise No. 346, that is, its franchise; but the allegations contained in the complaint set forth violations of the franchise granted to Planta Eléctrica de Yauco; or, in other words, Filardi Hermanos is charged with the commission of acts and with the exercise of privileges and concessions which have been granted to Planta Eléctrica de Yauco by its franchise No. 485, and those acts and exercise of privileges and concessions are causing material damage to Planta Eléctrica de Yauco.

"For the purposes of this report, the allegations set forth in the complaint may be taken as true and as having been supported by the evidence, and thus it would appear as established that actual damages have been caused to Planta Eléctrica de Yauco by diminishing its income, in the sense of taking away its customers and therefore preventing it from exercising its franchise. The matter is covered by the holding in the case of *Compañía Popular de Transporte* v. *Suárez*, 52 P.R.R. 240, decided on November 5, 1937, or sometime after the submission of the instant case. There it is declared that injunction is the proper remedy where there has been an invasion

4

on the part of an individual or a corporation of rights belonging to another, to prevent the injury and also to recover any damages caused.

"The competition carried on by Filardi Hermanos against Planta Eléctrica de Yauco is, for the purposes of this report, wholly unlawful, because the franchise of Filardi Hermanos is for the sale of electric current for power purposes and that of the Planta Eléctrica de Yauco is for lighting purposes; so that the latter franchise is, as regards the exercise thereof by Planta Eléctrica de Yauco, a vested right, which is entitled to the constitutional protection provided for property and which may be protected against any other person—it being an exclusive right—against every person who without a franchise may attempt to impair its exercise. See *Frost* v. *Oklahoma Corp. Comm.,* 278 U. S. 515, 73 L. ed. 483; P.U.R. 1929 B, 634, 49 S. Ct. 235; and *Oklahoma Corp. Comm.* v. *Lowe,* 281 U. S. 431, 435, 74 L. ed. 945; P.U.R. 1930 C., 321, 50 S. Ct. 397. The alleged acts would not constitute a violation of the franchise owned by Filardi Hermanos but a violation of the franchise belonging to Planta Eléctrica de Yauco.

"I think that the matter is fully a judicial one, and any decision which the Public Service Commission might render holding those acts as proved, according to the allegations of the complaint, would serve no practical purpose as regards the reparation of the damages which are claimed to have been caused to Planta Eléctrica de Yauco, because, as held in the case of *Compañía Popular de Transporte* v. *Suárez, supra,* the Public Service Commission lacks coercive power to enforce its orders.

"It should be held that the matter must be submitted to a judicial tribunal.

> "(Sgd.) Tomás Torres Pérez,
> "Law Clerk, Public Service
> Commission."

As may be seen, the report is based on the case of *Compañía Popular de Transporte* v. *Suárez,* 52 P.R.R. 240. But the application made of that case is, in our judgment, erroneous. In the *Suárez* case, the District Court of Bayamón punished the appellees for having violated a preliminary injunction restraining them from collecting less than 15 cents for the transportation of passengers between Bayamón and San Juan. Upon the case being appealed to this court, the

appellees maintained that the district court lacked "jurisdiction to entertain the proceeding inasmuch as the plaintiffs had available an adequate remedy before the Public Service Commission, on which it is incumbent to hear every complaint relating to the grant of franchises and other similar privileges of a public character." This court held that the district court had acted with jurisdiction because the remedy available to the plaintiffs-appellees under the Public Service Act of Puerto Rico did not exclude the remedy by injunction which they might invoke in a court of justice. As said by the district court, in its opinion in the case at bar, "a dual right of action is acknowledged: that of the injured party directly and that of the commission through the Attorney General." To hold that the doctrine laid down in the *Suárez* case leaves the commission powerless to act in cases of flagrant violations of the provisions of a franchise would be equivalent to declaring that this Supreme Court has not only disregarded its own prior decisions but also those of the Federal Supreme Court, which are as binding upon this court as its own decisions, for in *Public Service Commission* v. *Havemeyer,* 296 U.S. 506, that Supreme Court in affirming the judgment of this court in the cited case, 45 P.R.R. 577, and reversing the one rendered by the Circuit Court of Appeals for the First Circuit, said:

"Implied in every grant of franchise is the condition that it may be lost by misuse. Every such special privilege is subject to termination for breach of condition, whether express or implied, upon which the grant depends. It may be canceled or withdrawn by any procedure that is not repugnant to the established principles of justice. The initial step need not be a suit for mandamus, *quo warranto,* injunction or the like. Essential requirements are satisfied if the withdrawal of the privilege, declared by legislative or executive authority, may be followed by appeal to a court of competent jurisdiction in which the rights of the holders may be determined."

The commission in its brief cites the cases of *Tennessee Power Co.* v. *T. V. A.,* 306 U.S. 118, and *Alabama Power*

*Co.* v. *Ickes,* 302 U.S. 464, and says that they support its theory. In both of the cited cases it was held that it is against an unlawful competition and not a lawful competition that the courts give protection, but in neither of them the jurisdiction of the commission was excluded. In the instant case, according to the very report of the law clerk of the commission, *supra,* which the latter adopted by a majority vote, "The competition carried on by Filardi Hermanos against Planta Eléctrica de Yauco is, for the purposes of this report, wholly unlawful, because . . ." If, according to the decisions cited by the appellant, Planta Eléctrica de Yauco could invoke the protection of the courts of justice, as an unlawful competition carried on by Filardi Hermanos is involved, they could equally invoke the protection of the commission because, as we have stated before, the latter has concurrent jurisdiction with the courts in these cases, in the manner provided by sections 93 and 94 of Act No. 70 of 1917.

In virtue of the foregoing, the judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.