AUREA ELENA F. FLEMING, haciendo negocios bajo la razón de "PLANTA ELÉCTRICA DE YAUCO", peticionaria y apelada, *v.* COMISIÓN DE SERVICIO PÚBLICO DE PUERTO RICO, recurrida y apelante.

Núm. 7994.—*Sometido:* Noviembre 15, 1939. *Resuelto:* Junio 5, 1940.

*Tomás Torres Pérez,* abogado de la apelante; *Miguel A. Muñoz,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Aurea Elena F. Fleming, haciendo negocios con el nombre de "Planta Eléctrica de Yauco," interpuso, al amparo del artículo 78 de la Ley núm. 70 de 1917 (Leyes de ese año, vol. 2, pág. 527) recurso de apelación para ante la Corte de Distrito de San Juan, contra el fallo que en 2 de junio de 1938 dictara por mayoría la Comisión de Servicio Público, declarándose sin jurisdicción para entender en el asunto de la querella de Aurea Elena F. Fleming, haciendo negocios bajo la razón de "Planta Eléctrica de Yauco," contra Filardi Hermanos, haciendo negocios bajo la razón de "Planta Hidroeléctrica de Duey."

La Corte de Distrito de San Juan resolvió que la orden o resolución de la Comisión era irrazonable y no estaba de acuerdo con la ley, y como consecuencia, la revocó, devolviendo los autos con instrucciones de que se reconsiderara el asunto y se dictara entonces la orden razonable que en derecho procediera de acuerdo con los hechos probados.

No conforme con lo resuelto, la Comisión de Servicio Público apeló para ante esta Corte Suprema.

Aurea Elena F. Fleming alegó en la querella ser dueña de una franquicia y negocio de suministro de corriente eléctrica para fines de alumbrado y uso doméstico en las poblaciones de Yauco y Guayanilla que opera con el nombre de Planta Eléctrica de Yauco, y que la comercial Filardi Hermanos explota en la actualidad la Planta Hidroeléctrica de Duey a virtud de una franquicia que le autoriza a distribuir corriente eléctrica para fuerza, dentro del municipio de Yauco. Que a pesar de la prohibición expresa contenida en la franquicia de Filardi Hermanos "de que dicha corriente pudiera venderse, directa o indirectamente o facilitarse, directa o indirectamente al municipio de Yauco, o venderse o entregarse . . . a persona alguna para fines de alumbrado en la residencia o habitación de persona alguna, que estuviere situada dentro de la zona urbana de Yauco," la Planta Hidroeléctrica de Duey ha vendido y entregado energía eléctrica a numerosos parroquianos para uso de alumbrado. En mérito de lo anterior la querellante solicitó de la Comisión que requiriera a la querellada para que mostrara causa por la cual no debían dictarse aquellas órdenes que fueren oportunas con el fin de corregir el mal que se apuntaba y de impedir que la querellada continuara violando las disposiciones de su franquicia, y para que en definitiva, advirtiera a los querellados que en caso de que tal situación persistiere y no se corrigiere, entonces se decretaría la cancelación de su franquicia.

Las querelladas contestaron la querella. Se celebró entonces una vista ante la Comisión en la que ambas partes

ofrecieron la evidencia que a su derecho mejor convino. En 2 de junio de 1938 la Comisión, con el voto en contra de uno de los comisionados asociados, hizo suyo el informe de su oficial jurídico recomendando que se desestimara la querella, por entender que el asunto era judicial y que debería de resolverse en los tribunales de justicia.

La Comisión señala como único error de la corte de distrito el haber dictado una sentencia irrazonable, arbitraria y contraria a la ley. Esto nos conduce al examen y estudio del informe sometido a la Comisión por su oficial jurídico. Dice éste así:

### "INFORME

"La Planta Eléctrica de Yauco, por su abogado Miguel A. Muñoz, se querella contra Filardi Hermanos, dueños de la Planta Hidroeléctrica de Duey, porque dice que Filardi Hermanos está violando las disposiciones de la franquicia núm. 346, vendiendo corriente eléctrica para fines de alumbrado, cuando la autoridad que le ha concedido dicha franquicia es para vender corriente eléctrica para fines de fuerza.

"La Planta Eléctrica de Yauco tiene la franquicia núm. 485, otorgada el 24 de agosto de 1920, en que fué aprobada por el Gobernador de Puerto Rico, y luego ha sido enmendada, para la venta a las calles, parques y edificios públicos en Guayanilla y Yauco, así como para cualquier otro fin público, y para distribuir y vender al público, para alumbrado, corriente eléctrica, y también para usar todo el caudal del río Guayanilla para generar corriente eléctrica.

"Se imputa a Filardi Hermanos la violación de la franquicia núm. 346, o sea de su franquicia; pero las alegaciones contenidas en la querella son constitutivas de violaciones a la franquicia otorgada a la Planta Eléctrica de Yauco, o lo que es lo mismo, se imputa a Filardi Hermanos que está llevando a cabo actos y ejerciendo privilegios y concesiones que le han sido otorgadas a la Planta Eléctrica de Yauco, por su franquicia núm. 485, y esos actos y ejercicios de privilegios y concesiones le causan daños materiales a la Planta Eléctrica de Yauco.

"A los fines de este informe se acepta ser ciertas y haber sido sostenidas por la evidencia las alegaciones contenidas en la querella, y así aparecería justificado que se ha causado daño material a la Planta Eléctrica de Yauco, mermándole sus ingresos en sentido de tomarle sus clientes e impedirle por tanto ejercer su franquicia. El

asunto está comprendido dentro de lo decidido en *Compañía Popular de Transporte* v. *Suárez*, 52 D.P.R. 250, resuelto en noviembre 5 de 1937, o sea algún tiempo después de sometido este asunto. Ahí se dice que el *injunction* es el remedio adecuado cuando hay invasión por parte de un individuo o corporación de los derechos de la otra, para impedir que se cause daño y además reclamar los daños causados.

"La competencia que hace Filardi Hermanos a la Planta Eléctrica de Yauco, es a los fines de este informe, completamente ilegal, porque la franquicia de Filardi Hermanos es para la venta de corriente eléctrica para fuerza, y la de la Planta Eléctrica de Yauco para alumbrado, de modo que esa franquicia es en cuanto al ejercicio de ella por la Planta Eléctrica de Yauco, un derecho (*vested right*) que tiene la protección constitucional de propiedad, la cual puede ser protegida contra toda otra persona, por ser exclusivo tal derecho, contra toda persona que sin franquicia atente contra su ejercicio. Véanse: *Frost* v. *Oklahoma Corp. Comm.* 278 U. S. 515, 73 L. Ed. 483; P.U.R. 1929 B, 634, 49 S. Ct. 235, y *Oklahoma Corp. Comm.* v. *Lowe*, 281 U. S. 431, 435, 74 L. Ed. 945; P.U.R. 1930 C, 321, 50 S. Ct. 397. Los actos alegados no constituirían violación a la franquicia de Filardi Hermanos y sí una violación a la franquicia de la Planta Eléctrica de Yauco.

"Entiendo que el asunto es plenamente judicial, y la decisión que rinda la Comisión de Servicio Público declarando probados esos actos, como se alegan en la querella, carecería de efectividad práctica en reparación de los daños que se dicen causados a la Planta Eléctrica de Yauco, porque como se resuelve en el caso de *Compañía Popular de Transporte* v. *Suárez*, supra, la Comisión de Servicio Público carece de poderes coercitivos para hacer cumplir sus órdenes.

"Debe resolverse que el asunto ha de llevarse a los tribunales judiciales.

"(Fdo.)   Tomás Torres Pérez,

"Oficial Jurídico, Comisión
de Servicio Público."

Como puede verse, el informe se basa en el caso de *Compañía Popular de Transporte* v. *Suárez*, 52 D.P.R. 250. Pero la aplicación que de dicho caso se hace es a nuestro juicio equivocada. En el caso de Suárez la Corte de Distrito de Bayamón castigó a los apelantes por haber violado una orden de *injunction* preliminar en que se les prohibía cobrar menos de 15 centavos por transportar pasajeros entre Bayamón y

San Juan. Apelado el caso para ante esta Corte Suprema, sostuvieron los apelantes que la de Distrito carecía de ". . . jurisdicción para conocer del caso por tener los demandantes un remedio adecuado ante la Comisión de Servicio Público, que es el organismo al cual compete el conocimiento de toda querella relacionada con la concesión de franquicias y otros privilegios de carácter público semejantes." Esta corte resolvió que la de distrito había actuado con jurisdicción porque el remedio que los demandantes apelados tenían al amparo de la Ley de Servicio Público de Puerto Rico, no era exclusivo del que podían ejercitar mediante *injunction* ante los tribunales de justicia. Como dice en su opinión la corte de distrito en el caso de autos: ". . . se reconoce un derecho de acción doble: el de la parte perjudicada directamente y el de la Comisión por conducto del Procurador General." Sostener que la doctrina del caso de Suárez deja a la Comisión impotente para actuar en casos de flagrantes violaciones de los términos de una franquicia, equivaldría a decir que esta Corte Suprema se ha apartado no sólo de sus propios precedentes sino también de los de la Corte Suprema de la Nación que les son tan obligatorios como los propios, pues en *Public Service Commission* v. *Havemeyer*, 296 U. S. 506, la Corte Suprema de los Estados Únidos al confirmar la sentencia de esta corte en el referido caso 45 D.P.R. 698 y revocar la dictada por la de circuito para el primer circuito, dijo:

"Implícita en toda concesión de franquicia existe la condición de que puede perderse por mal uso. Todo privilegio especial está sujeto a terminar por infracción de alguna condición, ya sea expresa o tácita, sobre la cual se base la concesión. Puede ser cancelado o retirado mediante cualquier procedimiento que no esté en pugna con los principios de justicia establecidos. El paso inicial no tiene que ser necesariamente el *mandamus, quo warranto, injunction* u otro semejante. Los requisitos esenciales quedan cumplidos si la cancelación del privilegio, declarada por autoridad legislativa o ejecutiva, puede ser revisada por apelación ante una corte de jurisdicción competente ante la cual los derechos de los concesionarios puedan ser adjudicados." (Citas.)

6

La Comisión cita en su alegato los casos de *Tennessee Power Co.* v. *T.V.A.*, 306 U. S. 118, y *Alabama Power Co.* v. *Ickes*, 302 U. S. 464, afirmando que en ellos se sostiene su teoría. En ambos casos citados se sostiene que es contra la competencia ilegal y no contra la competencia legal que dan protección las cortes, pero en ninguno de ellos se excluye la jurisdicción de la Comisión. En el caso de autos, según el propio informe del oficial jurídico de la Comisión, que ésta por mayoría hizo suyo, "La competencia que hace Filardi Hermanos a la Planta Eléctrica de Yauco es a los fines de este informe, simplemente ilegal, porque . . ." Véase supra. Y si dé acuerdo con los casos citados por la apelante la Planta Eléctrica de Yauco podía invocar la protección de los tribunales de justicia por tratarse de una competencia ilegal que le hacía Filardi Hermanos, también puede invocar la protección de la Comisión porque como hemos dicho antes ésta tiene jurisdicción concurrente en estos casos, con los tribunales, en la forma establecida por las secciones 93 y 94 de la Ley núm. 70 de 1917.

*En mérito de lo cual debe confirmarse la sentencia recurrida.*

El Juez Presidente Sr. Del Toro no intervino.