[No. 8,394.—Department Two.]
Aug. 29, 1882.

## GERMANIA BUILDING AND LOAN ASSOCIATION *v.* JOHN WAGNER ET AL.

| 61 | 349 |
| 80 | 261 |
| 61 | 349 |
| 81 | 648 |
| 61 | 349 |
| 83 | 599 |
| 61 | 349 |
| 90 | 548 |
| 61 | 349 |
| 100 | 149 |
| 61 | 349 |
| 132 | 435 |

MECHANICS' LIENS—CONSTITUTIONAL LAW.—It was not the intention of the new Constitution to repeal or abrogate the then existing law giving liens to mechanics upon real property found in Sections 1183 to 1199, Code of Civil Procedure, and such law was preserved in full force and effect by Section 1, Article xxii., of the Constitution.

ID.—NOTICE OF LIEN.—The notices of lien in question in this case were filed in time, and sufficiently set forth the contracts upon which they were founded, and the parties between whom they were made, as well as the character and quality of the materials furnished.

ID.—FORECLOSURE OF MORTGAGE—ANSWER—CROSS-COMPLAINT—APPEAL.—Upon an appeal by the plaintiffs in a foreclosure suit—in which the mortgagors made default—from a judgment foreclosing the mortgages sued upon, and also the mechanics' liens set up in the answers and cross-complaints of certain defendants, and adjudging the latter to be paramount to the plaintiff's mortgages, it was objected that the cross-complaints were not served upon the mortgagors, and that therefore the Court had no jurisdiction of their persons.

*Held:* The appellant has not been injured by the omission, and has no right to urge the objection. Besides, there was no necessity for a cross-complaint in the case. It was charged in the complaint that the appellants had or claimed some interest in the mortgaged premises, and it was sufficient for them to set up that interest by way of answer.

ID.—MORTGAGE—PRIORITY OF LIEN.—The defendants' liens, being for materials which they commenced to furnish before the execution of either of the mortgages sued upon, were properly preferred to and given priority over them.

ID.—JUDGMENT—MERGER.—A mechanic's lien is not merged or destroyed by a judgment against the party personally liable.

APPEAL from a judgment for the defendants, and from an order denying a motion for a new trial, in the Superior Court of the County of Sacramento. DENSON, J.

The notices of lien referred to in the opinion, were as follows:

"Notice is hereby given that the Sacramento Lumber Company, a corporation doing business as lumber dealers in the County of Sacramento, State of California, under the corporate name of Sacramento Lumber Company, claim a lien by virtue of the laws of this State on the brick building and appurtenances, and the land on which the same is situate,

described as follows: The south sixty-one feet of Lots Three and Four, in the block bounded by I and J and Eighth and Ninth streets, in the City of Sacramento, County of Sacramento, State of California. At all the times herein mentioned the said building was owned by Helena Wagner and John Wagner; the said real estate was owned by Helena Wagner and John Wagner.

"That Helena and John Wagner, who are the owners of said building and real estate, are indebted to us in the sum of nine hundred and thirty-four dollars and seventy cents, in gold coin, for materials furnished to and used by said Helena and John Wagner in the erection of said building.

"That said materials were furnished between the eighteenth day of February, 1881, and the twentieth of June, 1881, both days inclusive.

"The following is a true statement of our demand:
"Amount of bill for materials furnished between
    dates aforesaid—total...... ...............$1,590 20
                    CREDITS.
"Total credits and offsets on bill...... .......... $655 50

"There is now due, owing, and unpaid to us the sum of nine hundred and thirty-four dollars and seventy cents ($934 70), which was agreed to be paid, in gold coin, at the following times, to wit: no length of credit was given, but the entire sum was to be due and payable when the bill of lumber was completely furnished, to wit: June 20, 1881; that sixty days have not elapsed since the erection of said building was completed nor since the last item of lumber charged on said bill was furnished; said bill is all for lumber furnished to be used and which was used in the erection of said building.

"SACRAMENTO LUMBER Co.

"By FREEMAN & BATES, Attorneys."

Joseph A. M. Martin, being duly sworn, on his oath deposes and says: "That he has furnished goods, wares, and merchandise, and materials to be used, and which were used in, upon, and about the construction and erection of that certain brick building situated upon the south sixty-one (61) feet of lots 3 and 4, in the block bounded by I and J and Eighth and

Ninth streets, of the City of Sacramento, County of Sacramento, California.

"That during all the times that said erection and construction of said building was in progress, John Wagner and Helena Wagner, his wife, were the reputed owners, and were the owners in fee simple of said premises hereinbefore described, and had full knowledge that said building and structure was being so built and constructed. That said goods, wares, merchandise, and materials were sold and delivered to said John Wagner and Helena Wagner, the said owners of said premises, to be used as hereinafter stated in, upon, and about the construction and erection of said building.

"That the Germania Building and Loan Association is a corporation existing under and by virtue of the laws of this State. That said corporation holds a mortgage upon said building. That said mortgage is subordinate to the claim of lien of affiant. That said mortgage was made, executed, and delivered, and the lien thereof attached subsequent to the time of the commencement of the work of erecting and constructing said building. That affiant had no notice of said mortgage until August 2, 1881. That said mortgage was long after affiant had commenced to furnish and had furnished said materials, goods, wares, and merchandise, as aforesaid. That said Germania Building and Loan Association at all times had full knowledge of the progress of said work, and that said building was in process of construction and building.

"That the terms and conditions of the agreement and contract under and by virtue of which said materials, goods, wares, and merchandise were so furnished were that the said John Wagner and Helena Wagner would pay for the same on demand the value thereof, to wit: One hundred and twenty-six dollars and eighty cents; that no part thereof has been paid except fifty dollars, which was paid July 1, 1880, leaving a balance still due therefor of seventy-six dollars and eighty cents. That payment of said sum has been demanded, and has not been made, and is still due, owing, and unpaid by said John Wagner and Helena Wagner to affiant. That said building was completed on or about the sixteenth day of July, 1881.

"That the following is a just and true account of said mate-

rials, goods, wares, and merchandise so furnished, and also of all payments made thereon, and all credits thereon:

(Here follows bill of items; the first of date February 10, 1881, and the last of date July 15, 1881.)

"That it is the intention of affiant Joseph A. M. Martin to claim and hold a lien upon said premises and so much thereof as may be necessary for the convenient use of said building, and also claim and hold a lien upon said building.

"That the entire real estate herein described is necessary to the convenient use of said building.    JOSEPH A. M. MARTIN."

*P. Dunlap,* for Appellant.

*Freeman & Bates,* for Respondent.

MORRISON, C. J.:

Plaintiff brought this suit to foreclose two mortgages on certain premises in the city of Sacramento, and made defendants parties, under a general allegation in the complaint that they have or claim to have some interest in the property, as the holders of mechanics' liens or otherwise, which interest or claim is subsequent and subordinate to the lien of the plaintiff. It appears from the bill of exceptions that the mortgage first described in the complaint was made on the first day of April, 1881, and the second mortgage was executed on the nineteenth day of May, 1881.

The allegation in the answer and cross-complaint of the defendant, the Sacramento Lumber Company, is, that the Company commenced to furnish materials to be used, and which were used, in the erection of a building on the premises in question on the eighteenth day of February, 1881, and continued to furnish such materials down to the twentieth day of June, 1881, and this allegation is found by the Court to be true. The allegation in the answer of the defendant Martin is, that he commenced to furnish materials for the building above referred to on the seventh day of March, 1881, and this allegation is found by the Court to be true.

These two liens were held to be prior and paramount to the liens created by the mortgages to the plaintiff; and the correctness of the judgment of the Court below is attacked on this appeal.

When the defendant, the Sacramento Lumber Company, offered in evidence its notice of claim of lien, the following objections were made thereto:

"1. Because there is no law in the State of California to provide for the enforcement of mechanics' liens that have accrued since the adoption of the present Constitution of this State; and because it is irrelevant and immaterial.

"2. Because it was not filed for record in the County Recorder's office within thirty days after the completion of the contract between the said defendant, Sacramento Lumber Company, and the defendants, John and Helena Wagner; and that it does not set forth the contract between the Sacramento Lumber Company and defendants, John and Helena Wagner, as averred in the Sacramento Lumber Company's cross-complaint. It does not state by whom the contract for the alleged indebtedness was made, and does not state the character of the materials, or the quantity furnished, or to whom furnished." The Court overruled the objections, and the plaintiff then and there excepted; and the same objection was interposed to the introduction in evidence of the notice or claim of the lien of the defendant Martin.

In answer to the first objection, it is sufficient for us to say that it was not the intention of the new Constitution to repeal or abrogate the then existing law, giving liens to mechanics and others upon real property, found in Sections 1183 to 1199 of the Code of Civil Procedure; and such law was preserved in full force and effect by Section 1, Article xxii. of the Constitution. It is true that Section 15, Article xx. of that instrument provides that "mechanics, materialmen, artisans, and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished materials, for the value of such labor done and materials furnished; and the Legislature shall provide by law for the speedy and efficient enforcement of such liens. It is argued on behalf of appellant "that since the adoption of the Constitution, the Legislature has made no provision for the enforcement of such liens, and that there is no law now in force for that purpose."

If the premises were true, the conclusion would by no

means follow, because it was clearly the intent of the Constitution that mechanics and material-men should be secured by lien upon the property; and in the absence of any legislation under the new Constitution, the laws then in force were kept in force by virtue of Section 1, Article xxii., until altered by the Legislature. The then existing law on the subject was not only not inconsistent with anything contained in the Constitution, but was in full harmony with it. But the legislature in fact did, at the first session after the new Constitution went into effect, pass an Act amendatory of Section 1183 of the Code of Civil Procedure, which was intended to enlarge and extend the operation of the former Act. (Hittell's Suppt. to Codes.) We think that this point is not well taken.

The second objection to the liens is answered by an examination of the notices or claims of lien introduced in evidence. They were filed in time; they sufficiently set forth the contracts upon which they were founded and the parties between whom they were made, as well as the character and quantity of the materials furnished. The objections were therefore properly overruled by the Court below.

The objection that the cross-complaints were not served on John Wagner and Helena Wagner, and that therefore the Court had no jurisdiction of their persons, is not well taken by the appellant. No appeal is taken by them or either of them, and we do not see how the appellant has been injured by the omission complained of, or what right he has to urge the objection on this appeal. Again, there was no necessity for a cross-complaint in the case. It was charged in the complaint that the defendants had, or claimed to have, some interest in the mortgaged property; and it was sufficient for the defendants to set up that interest by way of answer.

From the findings and bill of exceptions it appears that the defendants whose liens were found to be prior and paramount to the liens created by the mortgages, commenced to furnish materials for the erection of a building upon the mortgaged premises before either of the mortgages was executed; and it is provided by Section 1186, Code of Civil Procedure, that " the liens provided for in this chapter are paramount to any lien, mortgage, or other incumbrance which

may have attached subsequent to the time when the building, improvement, or structure was commenced." The defendants' liens were properly preferred to, and given priority over, the plaintiff's mortgages.

There is one other point in the case which we will now proceed to consider. The point is thus stated in appellant's brief: "The defendant, Sacramento Lumber Company, on July 19, 1881, commenced its action in the Superior Court of Sacramento County against the defendants John and Helena Wagner, for the same cause of action and indebtedness set forth in the cross-complaint filed in this action, and on October 24, 1881, recovered judgment in said Superior Court in its said action against the said defendants John and Helena Wagner, for the amount of said indebtedness set out in its said cross-complaint herein, on the merits."

Did the defendant, the Sacramento Lumber Company, waive or lose its lien by commencing and prosecuting to judgment an action against John and Helena Wagner for the indebtedness, to secure which the lien was filed ? We are of the opinion that the question should be answered in the negative.

In the case of *Crean* v. *McFee*, 2 Miles (Pa.) 214, it was held that "the taking of a bond with warrant of attorney to confess judgment, and judgment confessed therein, does not extinguish the lien of the mechanic or material-man under the Mechanics' Lien Act. The lien under the Act is but a collateral security for the debt; the claimant has also a convenient remedy by personal action."

To the same effect in the *Thompson Case*, 2 Brown's (Pa.) Rep. 297. We also find the same doctrine laid down in the very recent work of Kneeland on Mechanics' Liens, Section 151. The author says:

" There are two controlling reasons why a mechanic's lien will not be destroyed by the entry of a judgment. First, because there is merger of the claim and not of the security. The first we have already considered; the second is fully set forth by the Supreme Court of Pennsylvania, in the case of *John Thompson,* substantially as follows: Whenever the law works an extinguishment, the creditor has gained a higher security; the thing substituted is more beneficial to the creditor than the thing contracted for. Now, the debts of the

mechanic or material-man were originally simple contract debts, but for their security the Act has created a lien on the building; so that the security which the creditors have in relation to the safety of the debts ranks with that of a judgment or mortgage. Therefore the acceptance of a bond and warrant of attorney, and the entering of a judgment on the bond, is not a waiver or extinguishment of a mechanic's lien."

The rule seems to us not only reasonable and just, but in accordance with the analogies of the law in cases of mortgages, pledges, etc., and we have been referred to no authority to the contrary.

Judgment and order affirmed.

SHARPSTEIN and THORNTON, JJ., concurred.