[No. 14.  Second Appellate District.—July 13, 1905.]

WILLIAM M. PECKHAM et al., Respondents, v. E. R. FOX, Appellant.

MECHANICS' LIENS—ATTORNEY'S FEES ON FORECLOSURE—CONSTITU-
TIONAL LAW.—Section 1195 of the Code of Civil Procedure, provid-
ing for the allowance of attorney's fees on the foreclosure of me-
chanics' liens, is valid, and not in conflict with any provision of
the state or federal constitution; and the attorney's fees allowed
thereunder are a lien upon the property foreclosed.

APPEAL from a judgment of the Superior Court of Los Angeles County.  M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Cole & Cole, for Appellant.

Hugh J. Crawford, and Borden & Carhart, as *Amici Curiae*, for Respondent.

SMITH, J.—This is an appeal from a judgment foreclosing a mechanic's lien.  The only objection urged by appellant's counsel is to the attorney's fee allowed by the court and made a lien upon the property in question.   The points made by the appellant are: First, that section 1195 of the Code of Civil Procedure, providing for such fees, is unconstitutional; second, that there is no provision in the act making the attorney's fees a lien upon the property foreclosed.   But neither point is tenable.

As to the first, under familiar rules of construction, there is nothing in the provisions of section 15 of article XX of the constitution to limit the ordinary powers of the legislature; or to take from it the specific power exercised in section 1195; nor is the constitutional provision to be construed as repealing the existing provisions of the Code of Civil Procedure on the subject of "liens of mechanics and others"; among which is the section in question.   (Sedgwick on Statutory and Constitutional Law, pp. 123 et seq.; *Germania etc. Assn.* v. *Wagner,* 61 Cal. 349.)  On the contrary, the duty is imposed upon the legislature to "provide by law for the speedy and efficient enforcement of such liens"; and this, we think, imposes upon it, if deemed necessary to that end, the duty of providing for the cost of recording the lien and attorney's fee "as an incident to the judgment" (*Rapp* v. *Spring Valley Gold Co.,* 74 Cal. 532, [16 Pac. 325]; *McIntyre* v. *Trautner,* 78 Cal. 449, [21 Pac. 15]; *Schallert etc. Lumber Co.* v. *Neal,* 94 Cal. 192, [29 Pac. 622]); or, at least, empowers it to do so.   (*San Joaquin Lumber Co.* v. *Welton,* 115 Cal. 1, [46 Pac. 735, 1057]; *Sweeney* v. *Meyer,* 124 Cal. 517, [57 Pac. 479].)  Nor are the provisions of section 1195 in conflict with section 1 of the fourteenth amendment to the federal constitution, or with any other provision of the federal or state constitution.   ·

The second point is in effect disposed of by the decision in *Reid* v. *Clay*, 134 Cal. 215, 216, [66 Pac. 262.] That was a case of the foreclosure of a street assessment lien, under the act governing that subject, which provided that "in all cases of recovery under the provisions of this act the plaintiff shall recover the sum of fifteen dollars, in addition to the taxable cost, as attorney's fees." (Stats. 1889, p. 168, sec. 12.) And it was held that "this must be construed as entitling him to the recovery of it as part of the recovery and judgment provided for, which is exclusively for a lien"; and it was added upon the authority of cases cited that, "otherwise, it could not be recovered." The cases are substantially similar in principle. In this respect cases coming under the provisions of section 1195 of the Code of Civil Procedure, and similar statutes, are to be distinguished from the case of foreclosure of mortgages, where there is no statutory provision providing for attorney's fees, "in the absence of a provision in the mortgage." (*Monroe* v. *Fohl*, 72 Cal. 570, [14 Pac. 514] ; *Hotaling* v. *Montieth*, 128 Cal. 556, [61 Pac. 95].)

The judgment appealed from is affirmed.

Gray, P. J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court September 11, 1905.