[Civ. No. 6405.   Third Appellate District.—January 5, 1940.]

CITY OF ALTURAS (a Municipal Corporation), Petitioner, v. THE SUPERIOR COURT OF MODOC COUNTY, Respondent.

C. S. Baldwin for Petitioner.

J. S. Henderson for Respondent.

TUTTLE, J.—This is a proceeding in *certiorari,* whereby petitioner seeks to annul that portion of a judgment of the superior court which provides for the recovery, by plaintiff, of an attorney fee in the amount of $15, on an appeal in an action originating in the Small Claims Court of Alturas Township.

Respondent seeks to justify the action of the superior court by the provisions of section 117j of the Code of Civil Procedure, which relates to appeals from small claims courts, and reads as follows:

"The judgment of said court shall be conclusive upon the plaintiff. If the defendant is dissatisfied, he may, within five days from the entry of said judgment against him, appeal to the Superior Court of the county in which said court is held. He shall pay, for filing the papers in the Superior Court, the same fee as is charged and collected on the appeal of a civil action from a Justices' Court, and if final judgment is rendered against him in such Superior Court, then he shall pay, in addition to said judgment, an attorney's fee to the plaintiff in the sum of Fifteen dollars ($15.). Except as otherwise provided in this chapter, such appeal shall be taken as provided in Chapter III of Title XIII of Part II of this Code for appeals from Justices' Courts."

Petitioner contends that that portion of the quoted section which provides for an attorney fee of $15 is unconstitutional and void, and that therefore the court had no jurisdiction to include such item in its judgment.

Petitioner relies upon the case of *Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265 [88 Pac. 982, 119 Am. St. Rep. 193, 11 Ann. Cas. 712, 17 L. R. A. (N. S.) 909]. It was there held that a provision in the Mechanics' Lien Law (sec. 1195 Code Civ. Proc.) which authorizes a recovery of an attorney fee upon the part of plaintiff, was unconstitutional. Referring to the statute mentioned above, the court says:

"This provision is in our opinion violative both of the Federal and the State Constitution—of the fourteenth amendment of the former, which guarantees to every person 'the equal protection of the law', and of the provisions of the State Constitution which provide that general laws shall be uniform, prohibit special laws, and declare the inalienable rights of all men of acquiring, possessing, and protecting

property. A statute which gives an attorney's fee to one party in an action and denies it to the other, and allows such fee in one kind of action, and not in other kinds of actions where, as in the Statute here in question, the distinction is not founded on constitutional or natural differences, is clearly violative of the constitutional provisions above noticed."

Since the pronouncement in the last-named case, the Supreme Court of the United States has definitely decided that the allowance of such an attorney fee to the plaintiff in the action does not violate the provision of the federal Constitution (14th Amend.), which guarantees to every person "the equal protection of the law". In the case of *Missouri, K. & T. R. Co.* v. *Cade*, 233 U. S. 642 [34 Sup. Ct. 678, 58 L. Ed. 1135], the following statute of the state of Texas was under consideration:

"That hereafter any person in this state, having a valid, *bona fide* claim against any person or corporation doing business in this state, for personal services rendered, or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation, its agents or employees, may present the same to such person or corporation, or to any duly authorized agent thereof, in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court and if he shall finally establish his claim, and obtain judgment for the full amount thereof, as presented for payment to such person or corporation in such court, he shall be entitled to recover the amount of such claim and all costs of suit, and in addition thereto a reasonable amount as attorney's fees, provided he has an attorney employed in the case, not to exceed twenty ($20) dollars, to be determined by the court or jury trying the case; provided, however, that nothing in this act shall be construed to repeal or in any manner affect any provision of the law now in force giving a remedy to persons having claims of the character mentioned in this act, but the same shall be considered as cumulative of all other remedies given to such a person or persons." (Arts. 2178 and 2179, Tex. Rev. Civ. St. 1911.)

An action was brought under the foregoing statute to recover the sum of $10.75 for wages due from defendant railroad, and the plaintiff in the action was allowed an attorney fee of $9. After referring to the theory that the recovery of the attorney fee could be classified as a ''penalty'', and thus be lawful, the court says:

''But we think it is not correct to consider this statute as imposing a penalty. The allowance is confined to a reasonable attorney's fee, not exceeding $20.00, where an attorney is actually employed; the amount to be determined by the court or jury trying the case. Manifestly, the purpose is merely to require the defendant to reimburse the plaintiff for a part of his expenses not otherwise recoverable as 'costs of suit'. So far as it goes, it imposes only compensatory damages upon a defendant who, in the judgment of the legislature, unreasonably delays and resists payment of a just demand. The outlay for an attorney's fee is a necessary consequence of the litigation, and since it must fall upon one party or the other, it is reasonable to impose it upon the party whose refusal to pay a just claim renders the litigation necessary. The allowance of ordinary costs of suit to the prevailing party rests upon the same principle. (2 Bacon, Abr. title Costs.) Numerous cases in the state courts have sustained similar legislation. (*Vogel* v. *Pekoc,* 157 Ill. 339, 344, 346, 30 L. R. A. 491, 42 N. E. 386; *Burlington, C. R. & N. R. Co.* v. *Dey,* 82 Iowa, 312, 340, 12 L. R. A. 436, 3 Inters. Com. Rep. 584, 31 Am. St Rep. 477, 48 N. W. 98; *Cameron* v. *Chicago, M. & St. P. R. Co.,* 63 Minn. 384, 388, 31 L. R. A. 553, 65 N. W. 652; *Wortman* v. *Kleinschmidt,* 12 Mont. 316, 330, 30 Pac. 280.) If a reasonable penalty may be imposed for failure to satisfy a demand found to be just, it follows *a fortiori* that costs and an attorney's fees may be. (See *Atchison, T. & S. F. R. Co.* v. *Matthews,* 174 U. S. 96, 105, 43 L. Ed. 909, 913, 19 Sup. Ct. Rep. 609; *Farmers' & M. Ins. Co.* v. *Dobney,* 189 U. S. 301, 304, 47 L. Ed. 821, 825, 23 Sup. Ct. Rep. 565.) For these reasons, it seems to us that the statute in question is not repugnant to either the 'equal protection' or the 'due process' clauses of the 14th Amendment.''

The court further points out that the case which forms the basis for the O'Connor decision (*supra*)—*Gulf etc. Ry. Co.* v. *Ellis,* 165 U. S. 150 [17 Sup. Ct. 255, 41 L. Ed. 666]—is

clearly distinguishable, as it allowed such recovery only in cases where a railroad company was defendant. Such a statute, it is pointed out, is an arbitrary classification, and therefore repugnant to the Fourteenth Amendment of the federal Constitution, while the statute in the Cade case is general in its application, and it does not appear that the claims which it covers have been ''grouped together for the purpose of bearing against any class or classes of citizens or corporations''.

The decision in the California case (*Builders' Supply Co.* v. *O'Connor, supra*), and the one by the Supreme Court of the United States (*Missouri etc. R. Co.* v. *Cade, supra*), can be readily reconciled and distinguished. In the former, the statute allows recovery of an attorney fee in those cases coming under the Mechanics' Lien Law. In other words, only where one *class* of litigants is involved. On the other hand, the latter permits such a recovery where the statute covers numerous classes of cases. The instant case is even stronger, as it permits recovery in *all* cases before the small claims court. This distinction is recognized in the California case, where the court points out that the distinction made by the law in *that* case ''is not founded upon constitutional or natural differences''. In the case before us the statute makes no distinction whatever. *All* classes of litigants are permitted to recover.

The purpose of the enactment here is salutary in character. Jurisdiction in the small claims court is limited to the amount of $50. The people who resort to it, we may reasonably assume, are of limited means and resources. The attorney fee is only allowed in the event of an *appeal,* and it was evidently the desire of the legislature to promote the prompt payment of small claims and discourage unnecessary litigation in respect to them.

We are of the opinion that the law is not vulnerable to the attack here made, and that the superior court therefore had jurisdiction to make the award of an attorney fee.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.