STATE EX REL. STEEPS, Relator, vs. HANSON, Circuit Judge, Respondent.

*December 7, 1956—February 5, 1957.*

For the relator there was a brief and oral argument by *Eugene A. Bitters* of Ripon.

For the respondent there was a brief and oral argument by *John P. McGalloway* of Fond du Lac.

PER CURIAM. The constitutional provisions which respondent considers are violated by sec. 2495 of the Municipal Court Act are those of sec. 2, art. VII, Wis. Const., as follows:

"The judicial power of this state, both as to matters of law and equity, shall be vested in a supreme court, circuit courts, courts of probate, and in justices of the peace. The legislature may also vest such jurisdiction as shall be deemed

necessary in municipal courts, and shall have power to establish inferior courts in the several counties, with limited civil and criminal jurisdiction. Provided, that the jurisdiction which may be vested in municipal courts shall not exceed in their respective municipalities that of circuit courts in their respective circuits as prescribed in this constitution; and that the legislature shall provide as well for the election of judges of the municipal courts as of the judges of inferior courts, by the qualified electors of the respective jurisdictions. The term of office of the judges of the said municipal and inferior courts shall not be longer than that of the judges of the circuit courts."

Respondent contends that the act directing transfer of an action out of the circuit court into the municipal court has thereby made the jurisdiction of the municipal court superior to that of the circuit court. Even if the circuit court has been deprived of jurisdiction over subject matter by said sec. 2495 and that matter given to the municipal court, it has been held many times that sec. 2, art. VII, Wis. Const., is not violated thereby. Thus, the constitutionality of an act conferring bastardy jurisdiction upon the municipal court of Dane county and depriving the circuit court of it was upheld in *Bookhout v. State* (1886), 66 Wis. 415, 28 N. W. 179. *American Loan & Trust Co. v. Bond* (1895), 91 Wis. 204, 64 N. W. 854, points out that sec. 8, art. VII, Wis. Const., provides that " 'the circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, *and not hereafter prohibited by law,*' " and the opinion continues, pages 206, 207: "Since the legislature is thus expressly authorized to cut down the original jurisdiction of the circuit courts, or any of them, it necessarily follows that it may, if nowhere prohibited by the constitution, vest some of such original jurisdiction in such inferior courts."

Secs. 2 and 8 of art. VII, Wis. Const., were recently considered when the constitutionality of the Municipal Court

Act of Milwaukee county was challenged because the legislature had placed *all* criminal jurisdiction in the municipal and district courts of the county, leaving none in the circuit court. We held the constitution was not thereby violated. *State v. Krause* (1951), 260 Wis. 313, 50 N. W. (2d) 439.

We see no distinction in this respect between jurisdiction over subject matter and jurisdiction over the person. We do not, however, agree with respondent that the issue here is one of jurisdiction. The place of trial of actions is determined by the legislature. Generally, but with certain exceptions, it is provided that this place shall be in the county where the defendant resides. Sec. 261.01, Stats. It is so provided for divorce actions. Sec. 261.01 (3). The legislature has unquestioned power so to provide and to provide, further, that statutory conditions being met, the venue shall be changed in a manner also directed by statute. *Goyke v. State* (1908), 136 Wis. 557, 561, 117 N. W. 1027, 117 N. W. 1126. If the legislature may provide that the county of defendant's residence is the proper place for trial it cannot be denied the power to select some other place still more convenient to him, such as the town or city of his residence, if a court of competent jurisdiction exists there. When we grant that plaintiffs must come, at legislative command, into the county of a defendant's residence, or any other specified county, necessarily we acknowledge the legislative right to designate a particular municipality within that county, and to make the court of that municipality, within the limits of its jurisdiction, available to a qualified defendant by appropriate legislation providing for a change of venue if the action against him is begun elsewhere.

The last question concerns respondent's contention that legislation conferring solely on defendant residents of the town and city of Ripon the right on their demand to have actions tried in the municipal court of their area is a denial, to others similarly situated except for residence, of the equal protection of the laws.

An express guaranty of equal protection of the laws is found only in the Fourteenth amendment of the constitution of the United States but since early days it has been read into the Wisconsin constitution. *State ex rel. Milwaukee S. & I. Co. v. Railroad Comm.* (1921), 174 Wis. 458, 463, 183 N. W. 687; *Durkee v. Janesville* (1871), 28 Wis. 464; *Hincks v. Milwaukee* (1879), 46 Wis. 559, 566, 1 N. W. 230; *Christoph v. Chilton* (1931), 205 Wis. 418, 237 N. W. 134.

The question appears to be settled by *Cincinnati Street R. Co. v. Snell* (1904), 193 U. S. 30, 24 Sup. Ct. 319, 48 L. Ed. 604. The decision in that case is thus summarized in 12 Am. Jur., Constitutional Law, p. 243, sec. 545:

"In relation to the guaranty of equal right of access to the courts, it is fundamental rights which the Fourteenth amendment safeguards, and not the mere forum which a state may see proper to designate for the enforcement and protection of such rights. Given, therefore, a condition where fundamental rights are equally protected and preserved, it is impossible to say that the rights which are thus protected and preserved have been denied because the state has deemed best to provide for a trial in one forum or another. It is not, under any view, the mere tribunal into which a person is authorized to proceed by a state which determines whether the equal protection of the laws has been afforded, but whether in the tribunals which the state has provided equal laws prevail. The mere direction of the state law that a cause, under given circumstances, shall be tried in one forum instead of another or may be transferred and brought from one forum to another can have no tendency to violate the guaranty of the equal protection of the laws where, in both the forums, equality of law governs and equality of administration prevails."

We conclude that sec. 2495 of the act under consideration does not offend the constitutional principles which respondent has urged upon us.

Let a peremptory writ of mandamus issue.