Donald S. GASTER, General Contractor,
et al., Defendants Below, Appellants,

v.

J. R. COLDIRON, t/a Coldiron Drywall Con-
struction Co., Plaintiff Below, Appellee.

Supreme Court of Delaware.

Sept. 6, 1972.

William F. Lynch, II, of Morris, James,
Hitchens & Williams, Wilmington, for de-
fendants below, appellants.

Morton Richard Kimmel, Wilmington,
for plaintiff below, appellee.

CAREY and HERRMANN, JJ., and
DUFFY, Chancellor, sitting.

CAREY, Justice:

J. R. Coldiron, t/a Coldiron Dry Wall
Construction Co. (herein "Coldiron"), the
appellee, as a subcontractor filed a me-
chanics lien action in Superior Court
against the appellants, Donald S. Gaster
and wife (herein "Gaster"), as general
contractors, and the leaseholder and the
owner of a property in New Castle County,
upon which is erected an apartment build-
ing. After a jury trial, judgment was en-
tered against the defendants below (278
A.2d 328), whereupon they appealed. Ap-
pellants contend that the amount of the
judgment is excessive in that: (1) al-
though the Court granted a remittitur, it
did not include all credits which should be
allowed; and (2) the Court erred as a
matter of law in allowing a counsel fee to
Coldiron as part of the award.

I.

Appellants' first contention is based
upon certain testimony which they rely
upon as showing that some of the work

was not properly done according to the specifications; other testimony was to the contrary. The issue was one of fact and the jury obviously accepted as true much of the evidence which favored the appellee. The credits allowed by the trial Judge covered items found by him to be unsupported by any evidence. He properly held that those items could not be allowed; he refused to apply that same ruling to the items which were supported by testimony, even though it was contradicted by other witnesses. We find no reversible error with respect to this issue. The findings of a jury are conclusive, on appeal, if supported by any evidence. Del.Const., Art. 4 § 11(1)(a), Del.C.Ann.

## II.

Appellants' second contention is that the statute, which allows a recovery of attorneys' fees to a successful plaintiff in a mechanics lien case, is unconstitutional. They contend that it is discriminatory because it permits no such allowance to a successful defendant and therefore violates the due process and equal protection provisions of the Federal and State Constitutions. The Act (T. 10, Del.C. § 3912) reads as follows:

"§ 3912. In all causes of action, suits, matters, or proceedings brought for the enforcement of any note, bond, mechanics lien, mortgage, or other instrument of writing, if the plaintiff or lien holder in the action, suit or proceeding recovers judgment in any sum, he may also recover reasonable counsel fees, which shall be entered as a part of the judgment in the action, suit or proceeding. Such counsel fees shall not in any such action, suit or proceeding, exceed five per cent of the amount adjudged for principal and interest. Such counsel fees shall not be entered as a part of such judgment unless the note, bond, mortgage, or other instrument of writing sued upon, by the terms thereof, expressly provides for the payment and allowance thereof, except in the cases of me-

chanics liens in which no express agreement shall be necessary in order to entitle the lien holder to his reasonable counsel fees."

We are, of course, concerned only with that part of the last sentence which deals with mechanics liens, involving no agreement between the parties concerning counsel fees.

■ It is well-established law that any legislation which discriminates for or against a limited class of litigants is unconstitutional unless it is based upon a legally-cognizable distinction or reason. Betts v. Zeller, Del.Supr., 263 A.2d 290 (1970); Mills v. State, Del.Supr., 256 A.2d 752 (1969); 16A C.J.S. Constitutional Law § 489, p. 239. The question in this case, is therefore, whether there is a proper reason or basis for requiring a losing defendant in a mechanics lien action to pay a fee for his opponent's attorney when no such burden is placed upon a losing plaintiff.

It is argued, first, that this distinction is justified by the fact that the plaintiff in the action has a greater burden than does a defendant. If this be the reason for the distinction, one wonders why it is permitted in mechanics lien cases and not in other contract actions; the burden imposed upon a plaintiff is the same in both types of cases. The appellee cites Missouri, K. & T. R. Co. v. Cade, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135, as holding that this distinction—the extra burden upon a plaintiff —is sufficient to support the statutory allowance. But that decision does not hold that a party's position as plaintiff is of itself a sufficient ground for the distinction. In discussing the matter, the Court prefaced its comment with the clause, "If the classification is otherwise reasonable". Actually, as we understand the decision, it stands only for the proposition that an allowance of a fee to a successful plaintiff only, and not to a successful defendant, is permissible if the classification is otherwise reasonable. The statute there con-

strued was not limited to mechanics liens; it applied to a variety of suits in which the amount claimed does not exceed $200, and payment is not made within 30 days; it provided for a maximum attorney's fee of $20 to a successful plaintiff. Pointing out that the type of claims described in the statute were such as could be readily adjusted in a very short period of time, the Court held that the fee provision was really a police regulation designed to promote prompt payment of these small claims, and to discourage unnecessary litigation in respect to them. Obviously, the statute now before us is not based upon that reasoning.

█ Secondly, appellee argues that the legislative intent was to protect the wage earner, who depends upon his daily toil for his livelihood, by making the owner liable for the attorney's fee if the worker is forced to sue for his earnings. If the statutory allowance were in fact limited to such persons, this contention might possibly have merit; we do not decide the point. One difficulty with this theory, however, is that no limitation of this nature is set forth in the Act. Moreover, if this theory were the explanation for discriminating between plaintiff and defendant, it clearly furnishes no basis for applying that distinction in favor of a contractor, subcontractor, or material supplier. The truth is—and we may take judicial notice thereof—that mechanics lien actions are rarely, if ever, filed by laborers; they are filed by material men, contractors, or subcontractors.* Very often, the suit arises because of disputes between the contractor and a subcontractor, the owner being an innocent stakeholder. Indeed, that is the situation in this case. Gaster became dissatisfied with Coldiron's work; they severed relations, and could not agree upon

the amount due Coldiron. Accordingly, this action, involving many thousands of dollars, was brought primarily to determine the amount to be paid. Neither party won a complete victory or suffered a complete loss; as frequently happens, the judgment was for a figure greater than the amount Gaster admitted to be due, but smaller than the amount claimed by Coldiron.

█ We cannot accept the view that this preferential treatment for plaintiffs may be constitutionally extended to include contractors, subcontractors, or material suppliers. We do not perceive any satisfactory reason to justify the discrimination in their favor. As applied in the present case, this provision of the statute violates the constitutional right of equal protection of the law.

Our conclusion finds support in numerous decisions in other states. Examples include Union Terminal Co. v. Turner Construction Co., 5 Cir., 247 F. 727; Davidson v. Jennings, 27 Colo. 187, 60 P. 354 (1900); Builders' Supply Depot v. O'Connor, 150 Cal. 265, 88 P. 982 (1907, overruling Peckham v. Fox, 1 Cal.App. 307, 82 P. 91 (1905); Crim et al. v. Drake, 86 Fla. 470, 98 So. 349 (1923); Manowsky v. Stephan, 233 Ill. 409, 84 N.E. 365 (1908). There are some decisions which hold to the contrary, but we do not find them persuasive. It should perhaps be noted that some states allow the fee to the winning party; cases concerning such Acts are not here pertinent.

The judgment below must be modified by deducting from the total award the amount of counsel fees allowed in the Court below. As so modified, it is affirmed.

* We are not here speaking of suits brought in Justice of the Peace Courts under T. 25 Del.C., Ch. III, under which a laborer may secure a lien for unpaid wages for limited sums, the ultimate judgment being transferred to the Superior Court docket.