Haydee L. THAYER, Appellant,

v.

PHILLIPS PETROLEUM COMPANY,
Appellee.

No. 52377.

Supreme Court of Oklahoma.

June 17, 1980.

Don L. Dees, Inc. by Glenn P. Bernstein, Tulsa, for appellant.

Kenneth Heady, C. J. Roberts, Bartlesville, Galen E. Ward, Oklahoma City, Gary R. Proctor, Bartlesville, for appellee.

HODGES, Justice.

This is an appeal from an order which denied Haydee L. Thayer's [Appellant-Plaintiff] attorney fees after the case had been transferred, at the request of Phillips Petroleum Company [Appellee-Defendant], by the Small Claims Court to the District Court[1] where the plaintiff prevailed.

The defendant contended before the district court that the statute was unconstitutional because it violated the equal protection clause of the Fourteenth Amendment of the United States Constitution, and the Okla.Const. art. 2 § 6,[2] which provides for ready access to the courts and administration of justice without prejudice. The proposed rationale for determining that this sort of provision is repugnant to the constitutions is that the section imposes a penalty upon the defendant for exercising the right to defend, by subjecting the defendant to the payment of the plaintiff's attorney's fees if the plaintiff prevails, without affording a reciprocal right to the defendant if he is victorious.[3] The court denied the application for attorney fees, and held that because the statute allowed attorney fees only to prevailing plaintiffs, it violated the equal protection clause of the Fourteenth Amendment.

The only question posed by this appeal is the constitutionality of a portion of 12 O.S. Supp.1975 § 1757 of the Small Claims Procedure Act. The challenged provision states in pertinent part:

. . . "If the plaintiff ultimately prevails in the action so transferred by the defendant, a reasonable attorney's fee shall be allowed to plaintiff's attorney to be taxed as costs in the case."

It is provided by the Small Claims Act [Act], 12 O.S.Supp.1978 § 1761, that the hearing and disposition of small claims actions "shall be informal with the sole object of dispensing speedy justice between the parties." The Act aims at simple, swift and inexpensive justice for the litigants to most minor civil disputes. Although collection agencies, collection agents, and assignees of claims are barred from using the small claims procedure, there is no prohibition to suits by corporations. A special procedure for small claims is necessary because the expense of the usual proceeding in district court is out of proportion to the matter involved. One of the reasons for the simplified procedure is to eliminate the necessity for a lawyer.[4] Jurisdiction in the small claims court is limited to $600.00. We may reasonably assume that people who use it expect the expense to be minimal. Attorney fees are only allowed in the event the

---

1. The statute, 12 O.S.Supp.1975 § 1757, in effect on the date of trial, March 9, 1978, provided that on the motion of the defendant an action may be transferred from the small claims court to the district court by giving the plaintiff forty-eight hours notice and payment of $25.00 court costs. The statute was amended effective July 1, 1978, to provide for a $35.00 transfer fee.

2. The Okla.Const. art. 2 § 6 requires access to the courts of this state to all parties on an equal basis. It provides:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

3. See *More v. Johnson, 568 P.2d 437, 440 (Colo. 1977); Davidson v. Jennings, 27 Colo. 187, 60 P. 354 (1900);* Annot., "Validity Of Statute Allowing Attorney's Fee To Successful Claimant, But Not To Defendant, Or Vice Versa," 73 A.L.R.3d 515 (1976).

4. Fraser, "Oklahoma's New Judicial System," 21 Okl.L.Rev. 373, 403, 407 (1968).

cause is transferred. Evidently, it was the desire of the legislature to promote the prompt payment of small claims and to discourage unnecessary or prolonged litigation by providing a summary procedure.

The Act established an informal court, void of rigid restrictions with little or no regard for the technicalities pertaining to the rules of evidence which authorized the judge, within the bounds of due process, to exercise direct affirmative authority to control all aspects of a hearing.[5] The obvious intent of the statute imposing attorney fees on the defendant if the plaintiff prevails is to preserve the viability and accessibility of the small claims court. The exegesis behind the small claims court is to open the courts to the citizenry. A person does not need a lawyer to appear. The normal rules of evidence are not applied. The jurisdiction may be invoked by payment of a nominal fee. The small claims court provides redress for the ordinary person.

A defendant may avoid the simple trial contemplated by the Act and secure a trial in district court by 1) filing a counterclaim in excess of the $600.00 jurisdictional limit, or 2) paying a $35.00 transfer fee to district court forty-eight hours prior to trial. The amendment awarding attorney fees to the prevailing plaintiff in district court was added to the statute because the transfer provision had been used to thwart or harass small claims plaintiffs. The amendment reduced the possibility of defeating the purpose of the small claims process by routing filings of motions to transfer to the regular civil docket.

The plaintiff who attempts to recover a nominal sum in district court is likely to be intimidated by the judicial process, and the employment of counsel becomes a necessity rather than an option.[6] The litigants are treated equally so long as the case remains within the ambit of the small claims court. It is only when the defendant elects to transfer the case that attorney fees are impressed on the defendant, should he lose.

The purpose of the Act is to require payment of attorney fees by a litigant who, in the judgment of the legislature unreasonably delays and resists payment of a just demand. The expenditure of an attorney fee is a necessary consequence of the transfer, and because it must fall upon one party or the other, it is reasonable to impose it upon the party whose refusal to pay a just claim renders the litigation necessary. The allowance of costs of suit to the prevailing party rests upon the same principle. The statute is obviously imposed as an incentive to prompt settlement of small but well-founded claims, to foster the legislative policy of summary, informal disposition of small claims, and as a deterrent to groundless defenses.

In *M–K & T Ry. Co. v. Cade, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135 (1914)*, the plaintiff brought suit in Texas' equivalent of a small claims court. The statute authorizing his action provided for the recovery of a $20.00 attorney fee (if an attorney was actually used in the case) for a successful plaintiff. The defendant lost and appealed the constitutionality of the attorney's fee provision. The United States Supreme Court reviewed the case and found that the statute was reasonable and clearly furthered a favored public policy. The Court held that the statute under attack was a compensatory measure designed to promote the prompt payment of small claims and to discourage unnecessary litigation in respect to them.

In *City of Alturas v. Sup. Ct. of Modoc County, 36 Cal.App.2d 457, 97 P.2d 816 (1940)*, the small claims plaintiff sued the City of Alturas and prevailed. Unlike the situation in *Cade*, no attorney fee was recoverable simply by winning in the small claims court. Instead, California law allowed the defendant an election: to let the judgment become final or to appeal to a superior court. In the latter choice, the statute provided "if final judgment is ren-

5. *Black v. Littleton, 532 P.2d 486, 487 (Okl. App.1975).*

6. R. L. Spurrier, "Small Claims Are Big Business In Oklahoma," 14 Tulsa L.J. 327, 330 (1978).

dered against [defendant] in such superior court, then he shall pay, in addition to said judgment, an attorney's fee to the plaintiff in the sum of fifteen dollars ($15)." The municipal defendant elected to appeal, lost, and the superior court awarded a fee to the plaintiff. The defendant sought certiorari to annul the award of attorney's fees. The California court adhered to the *Cade* decision in upholding the constitutionality of its statute.

In *Cade, City of Alturas,* and this case, the unilateral attorney's fees feature was triggered by the defendants' election to fundamentally alter the character of the lawsuit from a summary, informal small claims matter into a formal, protracted litigation involving greater complications and most significantly, the appearance of attorneys. The defendants' election in such cases serves to defeat the unmistakable public policy goal of establishing small claims forums as "peoples" courts, uncomplicated by the formal demands of superior courts.

■■■ There are two standard tests used to review legislative classification in cases involving the equal protection clause. The first is the basic and conventional standard for reviewing discrimination or differentiation of treatment between classes of individuals. It manifests restraint by the judiciary in relation to the discretionary act of the legislature, and invests legislation involving differentiated treatment with a presumption of constitutionality. This standard requires merely that distinctions drawn by a challenged statute bear some rational relationship to a conceivable legitimate state purpose. Under this rationale, if a classification does not permit one to exercise the privilege while refusing it to another of like qualifications, under similar conditions and circumstances, it is unobjectionable. The classification must be neither arbitrary nor capricious, and it must bear a rational relationship to the objective sought to be accomplished. A classification is constitutional if there is a reasonable classification and reasonable opportunity for uniform or equal incidence on the class created.[7] The appellant's position is that although the statute is obviously discriminatory, it is constitutional because: all defendants in like circumstances are treated equally; and the burden is on the appellee to show that it is essentially arbitrary and clearly unreasonable. The burden of demonstrating the invalidity of classifications under the traditional standards rests squarely on the party who assails it.[8]

■ A more stringent test is applied, however, in cases involving suspect classifications which touch on fundamental interests. In these instances, the United States Supreme Court has adopted an attitude of active and critical analysis which subjects the classification to strict scrutiny. Under the strict standard applied in such cases, the state bears the burden of establishing, not only that it has a compelling interest which justifies the law, but that the distinctions drawn by the law are necessary to further its purpose.[9] It is the position of the appellee that a fundamental right is involved.

■ It has long been recognized that equal access to the courts, and modes of procedure therein, constitute basic and fundamental rights. The courts must be open

7. See *Shapiro v. Thompson, 394 U.S. 618, 638, 89 S.Ct. 1322, 1333, 22 L.Ed.2d 600, 617; Sherbert v. Verner, 374 U.S. 398, 406, 83 S.Ct. 1790, 1795, 10 L.Ed.2d 965 (1963); Skinner v. Okl., 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655, 1660 (1942); Sowders v. Oklahoma Tax Commission, 552 P.2d 698 (Okl.1976); State v. Rambo, 448 P.2d 1012 (Okl.1969).* See also "Development In The Law Equal Protection," 82 Harv.L.Rev. 1064 (1969); and Annot., "Validity of Statute Allowing Attorney's Fee To Successful Claimant But Not To Defendant Or Vice Versa," 73 A.L.R.3d 515 (1976).

8. *Corporation Commission v. Lowe, 281 U.S. 431, 50 S.Ct. 397, 74 L.Ed. 945 (1930); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78–79, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911).*

9. *Westbrook v. Mihaly, 2 Cal.3d 765, 784, 87 Cal.Rptr. 839, 852, 471 P.2d 487, 500 (1970)* citing Justice Marshall's dissent in *Hall v. Beals, 396 U.S. 45, 52, 90 S.Ct. 200, 203, 24 L.Ed.2d 214 (1969).*

to all on the same terms without prejudice.[10]

■■■ Where fundamental rights and liberties are involved, classifications which might restrain them must be strictly scrutinized.[11] Access to the courts and those procedures utilized therein are clearly fundamental rights. The discriminatory portion of the statute which imposes attorney fees on one party for the benefit of his opponent without granting the defendant a corresponding right, does not violate the Fourteenth Amendment right to equal protection of the law, nor is it contrary to art. 2 § 6 of the Oklahoma Constitution. We find that the statute is not only bottomed on a rational basis, but that it serves a compelling public interest, and that the distinction and classification drawn by it withstand the inspection of strict scrutiny. The ruling of the trial court that the questioned portion of 12 O.S.Supp.1975 § 1757 awarding attorney fees to prevailing plaintiffs, but not to prevailing defendants, was unconstitutional, is reversed.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN and HARGRAVE, JJ., concur.

OPALA, J., concurs in result.

SIMMS, J., dissents.

OPALA, Justice, concurring in result:

While I join in the court's judgment, I cannot accede to its pronouncement.

The court holds that—in a case transferred from the small claims' division—a different cost regime may be applied to a defeated district court defendant from that which governs an unsuccessful plaintiff in the same case. The former must pay counsel fees for the victorious adversary, while the latter is legislatively relieved from that incident of defeat.

Oklahoma has adhered, since 1908, to a more sensitive view of the XIVth Amendment's Equal Protection Clause.[1] Were I to assume, *arguendo*, that six years later our own concept of equal protection came to be watered down by U.S. Supreme Court's decision in *Cade*,[2] I would still refuse to accept *Cade* as a correct exposition of present-day constitutional limitations. Oklahoma's commitment to its own, more sensitive version of equal protection survived *Cade*.[3] Its most recent expression is found in a 1961 pronouncement by this court.[4] The federal constitution does not prohibit the states from following a more expanded view of restraints than that mandated by the U.S. Supreme Court. We should therefore give continued validity to our *pre-Cade* ruling in *Mashore*.[5]

Fundamental law of this State is offended when courts apply to a vanquished defendant a cost regime different from that which governs a defeated plaintiff. The terms of Art. 2 §§ 6 and 7 embody an anti-discrimination component which strikes at unequal treatment in taxing court costs.

**10.** In *Bogni v. Perotti, 224 Mass. 152, 112 N.E. 853 (1916)* the Massachusetts Supreme Court recognized that remedies afforded to one class of litigants could not be denied to another class. It said:
  "The courts must be open to all upon the same terms. No *obstacles* can be thrown in the way which are not interposed in the path of others. Recourse to the law by all alike without partiality or favor, for the vindication of rights and the redress of wrongs, is essential to equality before the law."
  See also *State v. Hanson, 274 Wis. 544, 80 N.W.2d 812 (1957)* relying on *Cincinnati Street Ry. Co. v. Snell, 193 U.S. 30, 24 S.Ct. 319, 48 L.Ed. 604 (1904)*.

**11.** *Harper v. Virginia Bd. of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966)*.

**1.** *Chicago, R. I. & P. Ry. Co. v. Mashore*, 21 Okl. 275, 96 P. 630, 634–635 [1908].

**2.** *Missouri, Kansas & Texas Railway Company of Texas v. Cade*, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135 [1914].

**3.** *Oligschlager v. Stephenson*, 24 Okl. 760, 104 P. 345 [1909]; *Ardmore Hotel Co. v. J. B. Klein Iron & Foundry Co.*, 104 Okl. 125, 230 P. 734 [1924] and *Keaton et al. v. Branch*, 104 Okl. 287, 231 P. 289 [1925].

**4.** *Parkhill Truck Company v. Reynolds*, 359 P.2d 1064, 1067–1068 [Okl.1961].

**5.** *Chicago, R. I. & P. Ry. Co. v. Mashore*, supra note 1.

Both cited sections command that costs be uniform and their incidence free from unequal application.[6]

I would interpret the pertinent provisions of 12 O.S.Supp.1975 § 1757[7] as *impliedly* authorizing the allowance of counsel fees to the victorious defendant as costs in the case. Any doubt with respect to the constitutional validity of a statute is to be resolved in favor of the tested law's efficacy, even if the construction that must be placed upon it—in order to make it invulnerable to attack—may not be the more natural interpretation of the legislative language used.[8] Language may be altered and new words supplied to give a statute that meaning which is necessary to effectuate its purpose.[9]

When the amendment to § 1757—here under consideration—was adopted in 1975, *Mashore* was Oklahoma's ruling case law. It had been the unmistakably effective norm of *our* constitutional law for almost *seven decades*. The legislature may be presumed to have passed the amendment with that background knowledge in mind and with a resolve to make its enactment effective law which is free from any taint of impermissible discrimination. Our recognition of an implied extension in § 1757, which operates in favor of victorious defendants as well as successful plaintiffs, would clothe the amendment with unquestionable validity under the test of *Mashore* —a long-cherished value I refuse today to cast away as obsolete under present-day notions of federal or state fundamental law.

I concur in the judgment because I believe the terms of 12 O.S.Supp.1975 § 1757 *impliedly* authorize an allowance of counsel fees both to victorious plaintiffs and to prevailing defendants.

**6.** *Howe v. Federal Surety Co.*, 161 Okl. 144, 17 P.2d 404 [1933]; *In re Lee*, 64 Okl. 310, 168 P. 53, L.R.A. 1918B 144 [1917]. In its recent decision the Supreme Court of Delaware held that ". . . any legislation which discriminates for or against a limited class of litigants is unconstitutional unless it is based upon a legally-cognizable distinction or reason." *Gaster v. Coldiron*, 297 A.2d 384, 73 A.L.R.3d 510 [Del. 1972].

**7.** In pertinent part 12 O.S.Supp.1975 § 1757 provides: " * * * If the plaintiff ultimately prevails in the action so transferred by the defendant, a reasonable attorney's fee shall be allowed to plaintiff's attorney to be taxed as costs in the case. * * *"

**8.** *Ledegar v. Bockoven*, 77 Okl. 58, 185 P. 1097, 1099 [1919].

**9.** *Protest of Chicago R. I. & P. Ry. Co.*, 137 Okl. 186, 279 P. 319 [1929].