Dear Senator Pruitt,
¶ 0 This office has received your request for an official Attorney General Opinion, in which you ask, in effect, the following question:
Under 12 O.S. 1757 (1998), how much is to be paid in courtcosts to remove a small claims proceeding to another docket?
¶ 1 Under Oklahoma's Small Claims Procedures Act, certain suits may be brought in the small claims division of a district court under an accelerated procedure which bypasses the Oklahoma Pleading Code, 12 O.S. 2001-12 O.S. 2027 (1991). These actions include certain enumerated contract, tort and replevin claims where the amount at issue does not exceed $4,500.00. 12O.S. 1751 (1998). Cases are tried to the court unless the amount exceeds $1,500.00 and a jury is requested. The hearing and disposition of such actions is informal, with the sole object of dispensing speedy justice between the parties. 12 O.S. 1761
(1998).
¶ 2 A case filed in the small claims division is subject to either a mandatory transfer to another docket under Section 1759 of Title 12, or a discretionary transfer under Section 1757.Eskridge v. Ladd, 811 P.2d 587, 589 (Okla. 1991). A mandatory transfer is triggered by the filing of "a claim, a counterclaim, or a setoff . . . for an amount in excess of Four Thousand Five Hundred Dollars ($4,500.00)" unless the parties agree to keep the case in the small claims division. 12 O.S. 1759(A) (1998). Such a counterclaim or setoff must be filed at least seventy-two hours prior to the time set for the hearing of the case. 12 O.S. 1758
(1998). An additional $10 fee is required for the filing of any counterclaims or setoffs. 28 O.S. 152.1(2) (1998).
¶ 3 Under Section 12 O.S. 1757, if the defendant desires the case to be transferred from the small claims docket to the civil docket, the defendant must file a motion for that purpose at least forty eight hours before the date of the hearing, and persuade the court, in its discretion, that the case should be so transferred. Eskridge v. Ladd, 811 P.2d 587, 589 (Okla. 1991).
¶ 4 Section 12 O.S. 1757 currently provides as follows:
 A. On motion of the defendant, a small claims action may, in the discretion of the court, be transferred from the small claims docket to another docket of the court; provided, that the motion is filed and notice is given by the defendant to the opposing party or parties by mailing a copy of the motion at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer; and provided further, that the defendant deposit the sum of Fifty Dollars ($50.00) as the court cost.
 B. The motion shall be heard at the time fixed in the order and consideration shall be given to any hardship on the plaintiff, complexity of the case, reason for transfer, and other relevant matters. If the motion is denied, the action shall remain on the small claims docket. If the motion is granted, the defendant as movant shall present within ten (10) days and the court shall cause to be filed an order on a form prepared by the Administrative Office of the Courts transferring the action from the small claims docket to another docket. If the transfer order is not filed by the movant within ten (10) days, it shall be reinstated upon the small claims docket upon motion of the small claims plaintiff, and no further transfer shall be authorized. Before the transfer is effected, the movant shall deposit with the clerk the court costs that are charged in other civil cases under Sections 151 through 157 of Title 28 of the Oklahoma Statutes, less any sums that have already been paid to the clerk. After this filing, the costs and other procedural matters shall be governed as in other civil actions, and not under small claims procedure.
 C. Within twenty (20) days of the date the transfer order is signed, the plaintiff shall file a petition that conforms to the standards of pleadings prescribed by the Oklahoma Pleading Code. The answer of the defendant shall be due within twenty (20) days after the filing of the petition and the reply of the plaintiff in ten (10) days after the answer is filed. If the plaintiff ultimately prevails in the action so transferred by the defendant, a reasonable attorney's fee shall be allowed to plaintiff's attorney to be taxed as costs in the case, in addition to any sanctions which the court may deem appropriate. (emphasis added).
¶ 5 The Supreme Court has directly addressed the method in which attorneys' fees may be allowed in small claims actions, but in doing so also discussed the removal process. In Thayer v.Phillips Petroleum Co., 613 P.2d 1041 (Okla. 1980), the Court recognized that this "special [small claims] procedure . . . is necessary because the expense of the usual proceeding in district court is out of proportion to the matter involved. . . . We may reasonably assume that people who use it expect the expense to be minimal." Thayer, 613 P.2d at 1042. The Court went on to address attorneys' fees as follows:
 Attorney fees are only allowed in the event the cause is transferred. Evidently, it was the desire of the legislature to promote the prompt payment of small claims and to discourage unnecessary or prolonged litigation by providing a summary procedure.
. . . .
 The amendment awarding attorney fees to the prevailing plaintiff in district court was added to the statute because the transfer provision had been used to thwart or harass small claims plaintiffs. The amendment reduced the possibility of defeating the purpose of the small claims process by routing filings of motions to transfer to the regular civil docket.
. . . .
 The litigants are treated equally so long as the case remains within the ambit of the small claims court. It is only when the defendant elects to transfer the case that attorney fees are impressed on the defendant, should he lose.
 The purpose of the Act is to require payment of attorney fees by a litigant who, in the judgment of the legislature unreasonably delays and resists payment of a just demand. The expenditure of an attorney fee is a necessary consequence of the transfer, and because it must fall upon one party or the other, it is reasonable to impose it upon the party whose refusal to pay a just claim renders the litigation necessary. The allowance of costs of suit to the prevailing party rests upon the same principle. The statute is obviously imposed as an incentive to prompt settlement of small but well-founded claims, to foster the legislative policy of summary, informal disposition of small claims, and as a deterrent to groundless defenses.
Id. at 1042-43.
¶ 6 Using the same rationale, it is reasonable to expect that the individual necessitating the transfer should be the party to bear that additional cost, and that the system be designed to discourage use of the removal procedure.
¶ 7 To reach the current language, Section 12 O.S. 1757 has been amended seven times since its original adoption in 1968. The attorney fees provision discussed in Thayer was added in 1975. No confusion relevant to your inquiry existed in the language through 1993, during which time the $50 transfer fee in subsection A was the only reference to court costs.
¶ 8 S.B. 1076 in 1994 added, among other provisions, the following relevant language to subsection B:
 If the transfer order is not filed by the movant within ten (10) days, it shall be reinstated upon the small claims docket upon motion of the small claims plaintiff, and no further transfer shall be authorized. Before the transfer is effected, the movant shall deposit with the clerk the court costs that are charged in other civil cases under Sections 151 through 157 of Title 28 of the Oklahoma Statutes, less any sums that have already been paid to the clerk. After this filing, the costs and other procedural matters shall be governed as in other civil actions, and not under small claims procedure. . . .
¶ 9 S.B. 1076 made no changes to the sentence in subsection A in which the $50 court cost was assessed. The Legislature therefore intended both the $50 transfer fee and the court costs under Title 28 to be paid.
¶ 10 Thus, the plaintiff in a small claims case pays the original filing fee of $35. 12 O.S. 1764 (1998). If the defendant seeks a discretionary transfer, he or she must deposit $50 with the court clerk "as the court cost." If the defendant is successful and the court grants the transfer, the defendant must pay an additional $37, which constitutes the difference between the $35 filing fee paid by the plaintiff and the $72 filing fee for district court proceedings under 28 O.S. 152(A)(9) (1998). As a result, the court clerk's office receives the amount it would have received had the case been originally filed on the civil docket. The court clerk is thereby protected from deprivation of filing fees by use of the small claims procedure.
¶ 11 The ultimate issue is whether the $50 is to be deducted from the $72. The statute clearly states that normal court costs are to be paid "less any sums that have already been paid to the clerk." 12 O.S. 1757(B) (1998). If this included the $50 transfer fee, however, the clerk would have already received more than the $72 flat fee, and the defendant would be required to pay nothing more, rendering the entire sentence a nullity. This is not acceptable. When at all possible, statutes are to be interpreted to give meaning and vitality to every provision. SeeTWA v. McKinley, 749 P.2d 108, 110 (Okla. 1988); Moore v.Hayes, 744 P.2d 934, 937 (Okla. 1987). The phrase "less any sums that have already been paid to the clerk" is designed to prevent double payment of the original $35 filing fee, not to deduct the $50 transfer fee from the defendant's obligation.
¶ 12 Instead, the $50 is to be treated as a transfer fee inaddition to the flat filing fee contemplated by 28 O.S.152(A)(9) (1998). Section 28 O.S. 152(A) provides that the flat fee "shall be the only charge for court costs, except as isotherwise specifically provided for by law." The $50 transfer fee is "specifically provided for by law," so the legislature anticipated that such specific exceptions would be placed elsewhere in the Oklahoma Statutes. Furthermore, Section 28 O.S.152.1 of Title 28 provides an array of additional charges, some ranging as high as $50, for particular services provided by the court clerk. While the $50 transfer fee is not specifically listed therein, the transfer fee is comparable in nature and was intended to offset the clerk's administrative costs of converting a small claims file to a civil file.
¶ 13 In a normal civil case, the $72 is designed to compensate the court clerk for opening and maintaining a new file, which, unlike small claims cases, may become voluminous with pleadings. The transfer of a simple small claims case to the civil docket not only compels the payment of the same costs, but also necessitates the existence of two files and the court's hearing of the motion to transfer. In other words, more clerical work is involved in the filing and transfer of a small claims case than in simply filing a civil case. It is reasonable to conclude that the legislature intended the costs to be proportionate to the services provided, and that the costs of the transfer be borne by the party seeking the perceived benefit of the transfer.
¶ 14 Such an interpretation does not run afoul of the objectives acknowledged in Thayer, supra. The plaintiff still pays only $35 to request a day in court, and such costs may be awarded to the prevailing party under 12 O.S. 1765 (1991). Only if the defendant prevails may the plaintiff be forced to bear the additional costs. The court clerk is not deprived of the filing fees commensurate with a civil filing, and is also compensated for the additional work required of a transfer. The defendant who seeks the benefit of civil procedure, such as discovery, pays for the privilege, and, if he or she prevails, that cost may be assessed against the plaintiff who chose to litigate rather than recognize the defendant's legitimate interests in the case.
¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
 When a small claims case is transferred to another docketunder 12 O.S. 1757 (1998), the among defendant must pay boththe $50 transfer fee and the difference in filing fees under 28O.S. 152 (1998).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
WALTER W. JENNY, JR. ASSISTANT ATTORNEY GENERAL