**Rebecca GIBILISCO, Appellant,**

v.

**Renzie GIBILISCO, Appellee.**

**No. 81067.**

Court of Appeals of Oklahoma, Division 2.

March 29, 1994.

Appeal from the District Court of Oklahoma County; Karl Gray, Trial Judge.

Donald D. Maisch, Marilyn Staats, Legal Aid of Western Oklahoma, Inc., Oklahoma City, for appellant.

## MEMORANDUM OPINION

BOUDREAU, Presiding Judge.

Appellant (Wife) appeals from an order of the trial court denying her motion to vacate and, in the alternative, her motion for a new trial. The dispositive issue in this appeal is whether the trial court abused its discretion in denying Wife's motion to vacate the entry of a protective order. We hold that it did and reverse.

Wife filed a petition seeking a protective order against Husband. At the hearing, Husband appeared, represented by counsel. Wife appeared pro se. Extemporaneously, during the hearing, Husband alleged Wife abused him and requested a protective order against her. He did not file a petition or serve Wife with notice of his request for a protective order. Based upon Husband's oral request in open court, the trial court entered a mutual protective order against both Husband and Wife.

Wife filed a motion for new trial or, in the alternative, a motion to vacate, alleging that the trial court erred in entering a protective order against her because Husband failed to follow the statutory procedure for obtaining a protective order. The trial court overruled Wife's motion. Wife appeals.

■ We first observe that Husband has not filed an answer brief. Therefore, this case stands submitted solely upon the brief in chief of Wife due to Husband's unexcused failure to file an answer brief. Under such a circumstance, reversal is not automatic but will depend on whether the appellant's brief is reasonably supportive of the allegations of error. *Cooper v. Cooper*, 616 P.2d 1154, 1156 (Okla.1980).

The standard of review which binds this court in this matter was set out in *Schepp v. Hess*, 770 P.2d 34, 39 (Okla.1989). The test for measuring the legal correctness of a trial court's response to a timely-filed 12 O.S.1991 § 1031.1 plea is "whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought." *Id.* (emphasis omitted).

■ A victim of domestic abuse may seek relief under the provisions of the Protection from Domestic Abuse Act by "filing a petition for protective order with the district court." 22 O.S.1991 § 60.2(A). A copy of the petition and notice of hearing "*shall* be served upon the defendant in the same manner as a summons." 22 O.S.1991 § 60.4(A) (emphasis ours). "Within ten (10) days of the filing of the petition the court *shall* schedule a full hearing on the petition...." 22 O.S.1991 § 60.4(B) (emphasis ours).

The record in this case establishes that Husband wholly failed to comply with the statutory prerequisites for the issuance of a protective order. He failed to file a petition, he failed to schedule a hearing, and he failed to serve Wife with a copy of the petition and

notice of hearing. Therefore, under the provisions of the Protection from Domestic Abuse Act, Husband was not entitled to a protective order against Wife.

Under these circumstances, the trial court's refusal to vacate the protective order against Wife was an abuse of discretion. The order of the trial court is reversed and remanded with instructions to vacate the protective order entered against Wife.

REIF, C.J., and RAPP, J., concur.