**Kimberlee A. BAKER, Appellant,**

v.

**Michael K. BAKER, Appellee.**

**No. 84240.**

Court of Appeals of Oklahoma,
Division No. 4.

Sept. 5, 1995.

Donald D. Maisch, Christine Beadle, Gary A. Taylor, Legal Aid of Western Oklahoma, Inc., Oklahoma City, for Appellant.

Carol Furr, Morgan, Morgan & Furr, Watonga, for Appellee.

## OPINION

GOODMAN, Presiding Judge.

This is an appeal from a post-divorce district court order granting a mutual protective order. Based upon our review of the record and applicable law, we vacate the order and remand for further proceedings.

### I

Appellant Kimberlee A. Baker and appellee Michael Baker were divorced May 4, 1993. Custody of the parties' four minor children was awarded to the mother, subject to a visitation schedule set out as an exhibit in the decree. The father was ordered to pay monthly child support of $600.

On June 6, 1994, the mother filed a "Petition for Protective Order" alleging:

Mike has not been paying his child support—sold a steer in my son's name—because there is a lien on the cattle I told him over the phone if he didn't give me my money today I would call the banker and turn him in. Mike became very upset, I hung up on him. I was at my friends [sic] home, Tommy Kidwell at that time, 20 min. later Mike walked into Tommy's home, without knocking, came into the room I was in, told me I better keep my _____ mouth shut and handed me a $200.00 check. I told him I wanted all of the money and I didn't have to keep my mouth shut. He grabbed me and started to twist my arm, called me many names, tore the check up and left. All of this took place in front of the children.

An emergency ex parte protective order was issued the same day, and the matter was set for hearing June 14, 1994. While issuing the order, the trial judge allegedly told the mother "she would probably have to pay half the court costs and a protective order issued against her also."

The parties appeared pro se at the scheduled hearing, after which the trial court entered a protective order against both parties, and ordered each to pay one-half the court costs.

The mother filed a "Motion to Vacate/Grant a New Hearing" alleging the trial court had erred in entering a protective order against her because the father "had not complied with the statutory prerequisites" for obtaining a protective order. The mother relied in part upon *Gibilisco v. Gibilisco*, 875 P.2d 447 (Okla.Ct.App.1994), in which the court reversed an order entered under similar circumstances. *Gibilisco* held it is error to enter a mutual protective order when one party has not complied with the Protection From Domestic Abuse Act, 22 O.S.1991 and Supp.1994 §§ 60.1 through 60.9, which requires, among other things, the filing and service of a petition setting forth specific acts of alleged domestic abuse, harassment, or stalking.

The trial court denied the mother's motion, and declined to follow *Gibilisco*. The judge

stated that, in his opinion, *Gibilisco* "applies a mechanical strict construction of the pleading requirements contained in the [Act], and the decision ignores the provisions of the Oklahoma Pleading Code." The court, relying upon the allegations of the mother's petition, concluded it was only after the mother had "threatened to 'turn [the father] in,'" after the father had received a "coercive phone call," from the mother, and after the father had gone to the home of the mother's friend and was "placed in this confrontational situation, [that] the defendant then grabbed the plaintiff and twisted her arm." The court thus found "a sufficient factual basis to grant the mutual protective order." The court modified the allocation of costs, assessing one-third to the mother and the balance to the father. The mother appeals.

## II

The dispositive issue is whether the trial court violated the mother's fundamental right to procedural due process when it issued the "mutual" protective order. We hold it did.

In its Modification Order, the trial court stated that it was not bound to follow *Gibilisco* because the opinion is to be accorded persuasive, and not precedential value. *See* Civil Appellate Procedure Rule 1.200(C)(B), 12 O.S.1991, ch. 15, app. 2. The court concluded that *Gibilisco* "ignores ... the pleading code and reaches a result that requires an unjust, lengthy, and expensive determination of relief requested by a defendant in a protective order proceeding."

In its "Modification Order," the trial court cited and relied upon general provisions of the Oklahoma Pleading Code.[1] First, the court noted that 12 O.S.1991 § 2001 dictates that the code "'shall be construed to secure the just, speedy, and inexpensive determination of every action.'" Overlooked by the trial court is the following introductory caveat, also from § 2001.

> The Oklahoma Pleading Code governs the procedure in the district courts of Oklahoma in all suits of a civil nature whether cognizable as cases at law or in equity *except where a statute specifies a different procedure.* (Emphasis added) (footnote omitted.)

When the legislature enacted § 2001, it codified an established legal principle, stated as follows in *Reubin v. Thompson,* 406 P.2d 263, 264 (Okla.1965) (syllabus by the court):

> Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject matter, and that the general statute does not apply.

The trial court also relied upon 12 O.S.Supp.1994 § 2015(B), which states in relevant part that:

> When issues not raised by the pleadings or by the pretrial conference order, where the order has superseded the pleadings, are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings or the pretrial conference order. Such amendment as may be necessary to cause the pleadings or the pretrial conference order to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

The father contends that the mother "voluntarily placed herself under the Court's jurisdiction in requesting the protective order" and because she was afforded a hearing, the "trial court complied with due process rights and Oklahoma statutory authority...." We disagree.

It is elementary and fundamental that the phrase "due process of law" encompasses more than a party's right to be heard; it begins with a party's right to *notice* of the pendency of an action against them, and of the nature of any relief sought. U.S. Const. amend. XIV, § 1; Okla. Const. art. 2, § 7; *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865

---

1. Title 12 O.S.1991 and Supp.1994 §§ 2001 through 2027.

(1950). As the court stated in *Bailey v. Campbell,* 862 P.2d 461, 469 (Okla.1991):

> Notice is a jurisdictional requirement and a fundamental element of due process. Due process requires adequate notice, a realistic opportunity to appear and the right to participate in a meaningful manner. *The right to be heard is of little value unless a party is apprised of rights which may be affected by judicial process. Due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise interested parties of the pendency of an action. Lack of notice constitutes a jurisdictional infirmity.* (Emphasis added) (footnotes omitted.)

In this matter, the mother was denied her constitutional right to be put on notice that, at the scheduled hearing, she would be subjected to allegations of domestic abuse, and have her rights affected by judicial process. The trial court thus erred as a matter of law.

▉ We find that the Protection From Domestic Abuse Act, and not the general provisions of the Oklahoma Pleading Code, prescribes the specific rules of procedure and pleading to be followed in all cases in which emergency protection is sought in district court from alleged acts of domestic abuse, stalking, or harassment, by family or household members of the victim, as defined by the Act. Unless those specific procedures are followed to notify a party of the pendency of allegations against her, and the nature of any relief sought, the trial court lacks authority to amend the pleadings to conform to evidence of conduct allegedly committed by that party. As a result, a protective order against the party whose due process rights have been violated may not be issued.

▉ In the matter before us, the father did not follow the procedure mandated by the Act. We hold, therefore, that the trial court abused its discretion, and exceeded its authority, in issuing a protective order against the mother, and in ordering her to bear a portion of the costs incurred in securing the order.

The order is vacated, and the matter is remanded with directions to enter a final protective order naming only the father, and ordering him to bear the costs below, and on appeal.

VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, V.C.J., and STUBBLEFIELD, J., concur.