1998 OK CIV APP 105

**Selena ALFORD, Plaintiff/Appellant,**

v.

**Crystal GARZONE, Defendant/Appellee.**

**No. 89171.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

June 23, 1998.

---

Selena Alford, Tulsa, Plaintiff/Appellant Pro se.

Sean H. McKee, Woodstock, McKee & McArtor, Tulsa, for Defendant/Appellee.

1. 22 O.S.Supp.1996 § 60 et seq.

2. U.S. Const. amend. XIV § 1: "... nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

## OPINION

BUETTNER, Presiding Judge.

■ ¶ 1 When a trial court declines to enter a protective order pursuant to the Protection from Domestic Abuse Act,[1] does it have authority to grant attorney fees to the successful defendant? We answer in the negative and reverse the judgment awarding attorney fees to the Defendant.

¶ 2 Plaintiff Selena Alford received an emergency ex parte protective order against Defendant Crystal Garzone. 22 O.S.Supp. 1996 § 60.3. At the subsequent hearing, however, the court sustained Garzone's demurrer to the evidence and did not grant the protective order.

¶ 3 Garzone then requested and received attorney fees. The amount and reasonableness of the fees were not disputed. Alford objected to the attorney fee request, on the ground that 22 O.S.Supp .1996 § 60.4(D)(7) only authorizes the court to award attorney fees upon the granting of a protective order. Section 60.4 provides:

D. Protective orders authorized by this section may include the following:

\* \* \* \* \* \*

7. An order awarding attorney fees; and

\* \* \* \* \* \*

The Act does not have any other provision for attorney fees.

¶ 4 Garzone contends that the award of fees was correct because (1) Alford was successful in having the court enter the emergency ex parte order; and (2) if attorney fees could only be awarded a successful plaintiff, the statute would offend the 14th Amendment's equal protection clause[2] and the ready access to courts clause of the Oklahoma Constitution.[3]

3. Okla. Const. art. 2, § 6: "The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

¶5 Emergency ex parte protective orders are in effect until the end of the full hearing. 22 O.S.Supp.1996 § 60.3. Of the seven orders possible for a court to include in an emergency ex parte order, none is for attorney fees. 22 O.S.Supp.1996 60.3(A)(1–7). Only if the court issues a protective order after a full hearing, pursuant to § 60.4(D), does it have authority to enter an order awarding attorney fees. Under the American Rule, each party is responsible for her own legal expenses and the courts "are without authority to assess and award attorney fees in the absence of a specific statute or a specific contract...." *Matter of Adoption of B.R.B. and S.E.R.*, 1995 OK 121, 905 P.2d 807, 809, citing *Kay v. Venezuelan Sun Oil Co.*, 1991 OK 16, 806 P.2d 648, 650. In the case at bar, the specific statute authorizing the award of attorney fees is particular to the granting of a protective order after full hearing, and does not apply to the ex parte protective order.

¶6 Next we consider the constitutionality of the statute which authorizes the award of attorney fees only when the court issues a protective order. Only the person seeking protection is entitled to a protective order. See *Baker v. Baker*, 1995 OK CIV APP 111, 904 P.2d 616 in which the court found that issuing a "mutual" protective order when only one party had petitioned for the order violated the petitioning party's right to due process of law because that party had not been placed on notice of the complaints and had not been served as required by the Act. Consequently, according to the statute, only the plaintiff is entitled to seek attorney fees and then, only upon issuance of the protective order.

¶7 "In deciding the constitutionality of statutes, a legislative act is presumed to be constitutional and will be upheld unless it is clearly, palpably and plainly inconsistent with the Constitution." *Reherman v. Oklahoma Water Resources Board*, 1984 OK 12, 679 P.2d 1296, 1300.

¶8 We have been cited four Oklahoma cases dealing with an authorization for an award of attorneys fees to a prevailing plaintiff but not a prevailing defendant. In *Chicago, R.I. & P.Ry. Co. v. Mashore*, 21 Okl.

275, 96 P. 630 (1908), the Supreme Court struck down, on Fourteenth Amendment grounds, a statute providing for attorneys fees to certain prevailing plaintiffs in actions to recover for personal services. The court stated:

> The statute providing the assessment of attorney's fees in cases of this character is violative of the fourteenth amendment of the Constitution of the United States, in that it does not give to all parties the same, equal protection of the law. The defendant, being sued for wages under this statute, is not on an equal footing with the plaintiff. If he makes an unsuccessful defense, he is mulcted in an attorney's fee, to be paid to the plaintiff, while if he is successful, the plaintiff is not required to pay any attorney's fee to him. In other words, justice is not dispensed, with an impartial and equal hand, to these litigants. A court is always loath to hold a statute, the solemn act of the Legislature, unconstitutional and void, and never does so, except where its provisions make this duty a plain and imperative one. In the present case we have examined a large number of authorities wherein the constitutionality of such statutes has been raised, and in every one of them the court of last resort has held it unconstitutional.

96 P. at 633.

¶9 Subsequent to *Mashore*, the United States Supreme Court, in *Life & Casualty Insurance Company of Tennessee v. McCray*, 291 U.S. 566, 54 S.Ct. 482, 484, 78 L.Ed. 987 (1934), upheld an Arkansas law which allowed an insured, but not insurer, to collect reasonable attorney fees when a life insurance company failed to timely pay policy proceeds, even in good faith dispute. The court stated:

> Nor is there an unjust discrimination, an arbitrary denial of the equal protection of the laws, in laying the burden on insurers and not on all defendants. Diversity of treatment in respect of the costs of litigation has its origin and warrant in diversity of social needs.

291 U.S. at 569, 54 S.Ct. at 484.

As to access to the courts, the *McCray* court stated:

The insurer is not penalized for taking the controversy into court. It is penalized (if penalty there is) for refusing to make payment in accordance with its contract, and penalized in an amount that bears a reasonable proportion to the loss or inconvenience likely to be suffered by the creditor.

291 U.S. at 573, 54 S.Ct. at 485.

¶ 10   In a more recent case the Oklahoma Supreme Court upheld the constitutionality of the Small Claims Procedure Act, which allows attorney fees to a successful plaintiff, but not a successful defendant, when a defendant removes the action to District Court. The court in *Thayer v. Phillips Petroleum Company*, 1980 OK 95, 613 P.2d 1041, found that the attorney fee provision in the Small Claims Procedure Act did not violate the equal protection clause of the Fourteenth Amendment. The court found that ready access to courts is a fundamental interest and that when "fundamental rights and liberties are involved, classifications which might restrain them must be strictly scrutinized." *Id.* at 1045. Upon strict scrutiny, the court then found that "the statute is not only bottomed on a rational basis, but that it serves a compelling public interest, and that the distinction and classification drawn by it withstand the inspection of strict scrutiny." *Id.* at 1045.

¶ 11   Garzone next cites *Bowlin v. Alley*, 1989 OK ——, 773 P.2d 365, and attempts to distinguish it from the present case. In *Bowlin*, the Oklahoma Supreme Court upheld 12 O.S.1981 § 1392, which authorizes attorney fees to a defendant when it is finally determined that an injunction ought not to have issued. The court rejected challenges on both Fourteenth Amendment equal protection and Oklahoma Constitution access to courts grounds. The court said that "equal protection does not prohibit the government from classifying persons if the classification distinguishes persons as dissimilar ˙ upon some permissible basis which is not invidiously discriminatory." 773 P.2d at 368. The court saw nothing inequitable in holding a

person liable for the damages caused by a temporary injunction which is later found to be wrongfully issued. With respect to the access to courts argument, the court stated:

The challenged statute does not preclude a complainant from bringing a suit for permanent injunction and thus forego the assessment of attorneys' fees. Access to the courts is not deprived. We therefore hold that 12 O.S.1981 § 1392 does not violate one's state constitutional right to access to the courts.[4]

■   ¶ 12   Finally, in *Professional Credit Collections, Inc. v. Smith*, 1997 OK 19, 933 P.2d 307, the court found that in an action on open account, in which a defendant sought to vacate a default judgment before she was voluntarily dismissed from the lawsuit, the "test for an effective cost-escaping § 684 [12 O.S.1991 § 684] voluntary dismissal does not depend on whether a prevailing party has yet been determined. Instead, the key is whether, before plaintiff's voluntary dismissal, the defendant has requested affirmative relief against the plaintiff." 933 P.2d at 310. Pursuant to 12 O.S.1991 § 939, a prevailing party in an action on open account is allowed a reasonable attorney fee. However, after ruling that the defendant, who was successful in vacating a judgment against her, was a prevailing party under § 936 and entitled to an attorney fee, the court went on to say:

There is another reason why Smith, as a dismissed defendant, must prevail in her quest for recovery of attorney's fees. A statute violates equal access to the courts when it treats—for attorney's fee purposes—the victorious plaintiff differently from a successful defendant. If in this case PCC had defeated the vacation quest, it would have been entitled to an attorney's fee for legal services rendered in its behalf. Because equal protection demands like treatment, Smith also is entitled to the same benefit. In her counsel-fee quest Mrs. Smith must be viewed as standing on a footing equal with PCC.

The Court supported this alternative holding by citing *Thayer* and *Mashore*. As de-

4.   *Thayer* was deemed not to be controlling because of the difference between the denial of an extraordinary discretionary writ (*Bowlin*) versus the denial of a fundamental right, such as equal access to the courts, which was the issue in *Thayer*. 773 P.2d at 371, n. 2.

scribed above, *Thayer* upheld treating a successful plaintiff differently from a successful defendant.[5] And the *Mashore* interpretation of the Fourteenth Amendment of the United States Constitution was impaired by the United States Supreme Court in *Life & Casualty Insurance Company v. McCray,* 291 U.S. 566, 54 S.Ct. 482, 78 L.Ed. 987 (1934).[6] We feel constrained to apply *Thayer,* which directly resolved the issue at hand, rather than *Professional Credit Collections,* which did not have before it a discriminatory attorney fee statute, and dealt with the issue in *dicta.*

¶ 13 Pursuant to *Thayer,* we review the classification of § 60.4(D) under the strict scrutiny standard. We assume the legislature enacted the Protection from Domestic Abuse Act as a "result of increased public awareness regarding the serious nature of domestic violence." *Marquette v. Marquette,* 1984 OK CIV APP 25, 686 P.2d 990, 993. "Domestic violence has wide-ranging ramifications and can certainly be characterized as an issue of broad public interest." *Id.* at 993.

¶ 14 Oklahoma also facilitates a victim's access to court. The Protection from Domestic Abuse Act provides that a pre-printed petition be available in the court clerk's office, and, upon the victim's request, the clerk or the victim-witness coordinator prepares or assists the victim in preparing the petition. Filing fees are not charged at the time the petition is filed and the court may assess those costs against either party at the time of the hearing. 22 O.S.Supp.1996 § 60.2.

¶ 15 We find that the law authorizing attorney fees to a person seeking protection pursuant to the Protection from Domestic Abuse Act when a protective order is entered is constitutional. It is rationally based and concerns a compelling state interest. It encourages victims to pursue their legal remedies in court without the threat of attorney fees being awarded should an order not be entered. Under the clear language of the statute, the district court is not authorized to award attorney fees to a successful defendant.

REVERSED AND REMANDED WITH DIRECTIONS TO VACATE THE ORDER awarding attorney fees to Defendant.

HANSEN and ADAMS, JJ., concur.

---

5. But see Justice Opala, concurring in result, 613 P.2d at 1045, in which he stated that he would continue the efficacy of *Mashore.*

6. The United States Supreme Court also upheld a Texas statute, that provided attorney fees to successful plaintiffs but not successful defendants, in *Missouri, Kansas and Texas Railway Company of Texas v. Cade,* 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135 (1914). Challenges to the statute on equal protection and due process grounds under the Fourteenth Amendment were turned down, assuming the classification was otherwise reasonable. "This is not discrimination between different citizens or classes of citizens, since members of any and every class may either sue or be sued." 233 U.S. at 642, 34 S.Ct. at 680.

Other cases upholding statutes providing attorney's fees to successful plaintiffs but not successful defendants include: *Farm Bureau Life Ins. Co. v. Luebbe,* 218 Neb. 694, 358 N.W.2d 754 (1982) (upheld statute allowing attorney fees to successful plaintiff in certain insurance cases, but not to successful defendant); *Bradley v. Hullander,* 277 S.C. 327, 287 S.E.2d 140 (1982) (Uniform Securities Act allows attorney fees to successful buyer in fraud action, but denies attorney fees to successful defendant); *Manganaro Drywall, Inc. v. White Construction Co., Inc.,* 372 Mass. 661, 363 N.E.2d 669 (1977) (statute allowed attorney fees only to successful subcontractor in suit to collect balance due on public works project).

*Also see Annotation,* 73 A.L.R.3d 515 § 5.