2005 OK CIV APP 54

Charles TILLERY, as Personal Representative of the Estate of Audrey Louise Tillery, Plaintiff/Appellee,

v.

TULSA CHRISTIAN CARE CENTER, INC., An Oklahoma corporation, Defendant/Appellant.

No. 99,585.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 29, 2005.

Thomas S. Evans, Douglas E. Evans, Thomas S. Evans and Associates, Ponca City, OK, for Plaintiff/Appellee.

Richard W. Wassall, Wilkerson, Wassall & Warman, P.C., Tulsa, OK, for Defendant/Appellant.

Opinion by BAY MITCHELL, Judge.

¶ 1 Tulsa Christian Care Center, Inc. appeals from an award of attorney fees to Charles Tillery, the Personal Representative of the Estate of Audrey Louise Tillery. Tillery sought attorney fees as the prevailing party in the underlying action after obtaining a jury verdict on his nursing home claim against Tulsa Christian Care. The jury awarded $5,000 in actual damages and $40,000 in punitive damages. The court then awarded $77,056.25 in attorney fees.

¶ 2 Tillery sought attorney fees in the amount of $115,375 pursuant to 63 O.S.2001 § 1–1918(F) of the Nursing Home Care Act. Tulsa Christian Care argued Tillery was not entitled to attorney fees because his claims, based on violations of the Nursing Home Care Act, were not presented to the jury, and also because § 1–1918(F) violates the Equal Protection Clause of the 14th Amendment of the United States Constitution and § 6, Art. II of the Oklahoma Constitution by only allowing attorney fees to successful plaintiffs. Tulsa Christian Care also argued the requested fees were excessive and re-quested a jury trial on this issue. The trial court found Tillery was entitled to attorney fees pursuant to § 1–1918(F); determined the attorney fee provision was constitutional; and denied Tulsa Christian Care's request for a jury trial. The court also held an evidentiary hearing on the reasonableness of Tillery's requested attorney fees, taking testimony from both parties' expert witnesses. After reviewing the entire record, we find no error and affirm.[1]

¶ 3 On appeal, Tulsa Christian Care first contends they were entitled to a jury trial on the reasonableness of Tillery's attorney fee request pursuant to 12 O.S.2001 § 556. This statute requires that issues of fact arising in actions for the recovery of money be tried by a jury unless this right is waived. However, the statutory grant of attorney fees in § 1–1918(F) specifically states the *court* shall assess the amount of reasonable attorney fees under the Nursing Home Care Act.[2] Whenever a general statute and a specific statute conflict, the terms of the specific statute control. *Duncan v. City of Nichols Hills*, 1996 OK 16, ¶ 27, 913 P.2d 1303, 1310. Here, the Nursing Home Care Act specifies that the *court* shall assess the attorney fee award, which controls over the general statement of a jury trial right in § 556. We find no other authority that would require a jury to award attorney fees under the Nursing Home Care Act. Tulsa Christian Care's first proposition is without merit.

¶ 4 Second, Tulsa Christian Care argues Tillery was not entitled to attorney fees pursuant to § 1–1918(F) because the trial court sustained Tulsa Christian Care's de-

---

1. We review the amount of the attorney fee award only to determine if the trial court abused its discretion. *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 1996 OK 121, ¶ 32, 932 P.2d 1091, 1097. However, the remaining issues are questions of law that we review *de novo*, giving no deference to the trial court's decisions. *Rivas v. Parkland Manor*, 2000 OK 68, ¶ 6, 12 P.3d 452, 455.

2. This section provides in relevant part:
   In addition to the penalties provided in this section, an action may be brought against an individual by any resident who is injured by any violation of this section.... If a violation or threatened violation of this section shall be established in any action, *the court shall ... assess* in favor of the plaintiff and against the defendant the cost of the suit, and *the reasonable attorney fees incurred by the plaintiff*. If damages are alleged and proved in the action, the plaintiff shall be entitled to recover from the defendant the actual damages sustained by the plaintiff. If it is proved in an action that the defendant's conduct was willful or in reckless disregard of the rights provided by this section, punitive damages may be assessed.
   63 O.S.2001 § 1–1918(F) (emphasis added).

murrer as to all Tillery's causes of action "other than negligence." Tillery filed claims for common law negligence, negligence per se for statutory violations under the Nursing Home Care Act and breach of contract. Tulsa Christian Care contends that, based on this ruling, the jury was only instructed on common law negligence, and not negligence per se for a violation of the Nursing Home Care Act. On the other hand, Tillery claims the jury was instructed on negligence per se for violations of the Nursing Home Care Act in Instruction No. 10.[3]

■ ¶ 5 The appellate record is not completely clear regarding whether Instruction No. 10 was given to the jury or whether the trial court granted the demurrer as to the negligence per se claim. The record does not include an order ruling on the demurrer, nor does it include the transcript of the hearing on the demurrer or the full set of jury instructions given to the jury. Instruction No. 10 was in the record, however, attached to Plaintiff's Reply to Defendant's Objection for Costs and Attorney Fees. It is the appellant's burden to provide an appellate record adequate for this court to review. *Smith v. Baptist Foundation of Okla.*, 2002 OK 57, ¶ 27, 50 P.3d 1132, 1144; *Reeves v. Agee*, 1989 OK 25, ¶ 15, 769 P.2d 745, 753 n. 19 (emphasizing if error cannot be determined from incomplete, deficient or equivocal record, appellate court must presume trial court decision was legally correct). The only evidence in the record regarding this instruction supports the Appellee, Tillery. Without evidence to the contrary we will not presume the court erred.

■ ¶ 6 Further, Instruction 10 was almost identical to the instruction given in *Morgan v. Galilean Health Enterprises, Inc.*, 1998 OK 130, ¶ 7, 977 P.2d 357, 360 n. 6. In *Morgan*, the Oklahoma Supreme Court held that if a jury is instructed that a violation of the Nursing Home Care Act is negligence per se and then returns a general verdict, the plaintiff is entitled to attorney fees under the Act. *Id.*, ¶ 11, 977 P.2d at 363. The rationale for this holding is that a general verdict includes a finding favorable to the prevailing party on every material fact upon which the jury was instructed. *Id.*, ¶ 7, 977 P.2d at 361 n. 8. Because the jury in this case returned a general verdict, Tillery would thus be entitled to attorney fees pursuant to § 1–1918(F). We affirm the finding that Tillery was entitled to attorney fees under the Nursing Home Care Act.

■ ¶ 7 Third, Tulsa Christian Care argues the amount of the attorney fee award was unreasonable. To assess a reasonable attorney fee, the trial court first determines the compensation based on an hourly rate, and then applies factors cited in *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, ¶ 8, 598 P.2d 659, 661, to enhance the award. *Morgan*, ¶ 14, 977 P.2d at 364. An attorney fee award must also bear a rational relationship to the amount recovered. *Hall v. Globe Life & Accident Ins. Co.*, 1998 OK CIV APP 163, ¶ 5, 968 P.2d 1260, 1262. However, this appellate record does not contain pre-trial pleadings, the trial transcripts, or any trial exhibits, so we must rely on the trial court's perception of the case as to its complexity and the reasonableness of the time expended by Tillery's counsel.[4] *See Arkoma Gas Co. v.*

3. Instruction 10 provides as follows:

In addition to the duty to exercise ordinary care there are also duties imposed by statutes. If you find that a person violated any one of the following statutes and the violation was the direct cause of the injury, then such violation in and of itself would make that person negligent. There was in force and effect in Oklahoma at the time in question the following statutes which are part of the Nursing Home Care Act:

(A) Every resident shall have the right to receive adequate and appropriate medical care with established and recognized medical practice standards within the community.

(B) Every resident a shall have the right to receive courteous and respectful care and treatment.

(C) Every resident shall be free from mental and physical abuse.

Compliance with requirements of a statute does not excuse one from the duty to exercise ordinary care.

4. The record only includes the docket sheet and the initial and amended petition, and then skips to the jury verdict and post-judgment pleadings regarding the attorney fee issue. The only transcripts or exhibits included in the record relate to the attorney fee issue.

*Otis Engineering Corp.,* 1993 OK 27, ¶ 8, 849 P.2d 392, 394.

■ ¶ 8 The court was presented with conflicting expert testimony regarding the reasonableness of the number of hours and the hourly rates requested by Tillery's counsel. This conflict is for the trier of fact to resolve. The trial court reviewed the time sheets provided by Tillery's counsel and highlighted charges that were reasonable. The court eliminated approximately 120 hours. The court allowed 251.25 hours for lead counsel and 224.5 hours for associate counsel. The court set the associate's hourly rate at $125, which was within the range found to be reasonable by Tulsa Christian Care's expert. The court set the rate for lead counsel at $195, which was between the $150 suggested by Tulsa Christian Care and the $200–$250 suggested by Tillery's expert. The court recognized two attorneys are sometimes necessary in nursing home negligence cases because of the volume of documents involved. In addition, the attorneys had to spend time preparing for trial twice because the case was set for trial once before and had to be continued. The court also noted the case was factually complicated because it involved numerous incidents of negligence and also included an issue regarding false entries in the medical records. The court apparently did not enhance the fee pursuant to *Burk,* but merely multiplied the reasonable number of hours for Tillery's two attorneys by their reasonable rates. We find the trial court's assessment of the reasonable number of hours and the hourly rate was not an abuse of discretion.

■ ¶ 9 Tulsa Christian Care also argues the attorney fee award is obviously unreasonable when compared to the $5,000 actual damage award, and argues the amount of punitive damages cannot be considered in comparing the amount recovered to the attorney fee awarded because punitive damages are only a windfall to Tillery. We find no legal support for this contention. It is not unusual for plaintiff's counsel to expend considerable time and effort to prevent sum-

mary judgment or a directed verdict as to punitive damages and to prove to the jury that punitive damages are merited, as well as to establish the amount of punitive damages that should be assessed in a second stage trial. We see no reason to exclude work performed to successfully obtain a punitive damage award from the reasonableness calculation. Here, Tillery recovered a total of $45,000 and the trial court awarded $77,056.25 in attorney fees. We find the attorney fee bears a rational relationship to the amount recovered. No abuse of discretion is shown.

■ ¶ 10 Finally, we find that the award of attorney fees to the successful plaintiff pursuant to 63 O.S.2001 § 1–1918(F) does not violate either the 14th Amendment of the United States Constitution or § 6, Art. II of the Oklahoma Constitution.[5] Tulsa Christian Care argues allowing attorney fees only to victorious plaintiffs while denying the same right to victorious defendants violates equal protection and equal access to the courts. Tillery contends Tulsa Christian Care does not have standing to challenge the constitutionality of this attorney fee award because they were not denied an attorney fee award. The Oklahoma Supreme Court, however, has held that defendants ordered to pay attorney fees pursuant to a statute that awards attorney fees only to successful plaintiffs have standing to challenge its constitutionality because they have a personal stake in being forced to pay attorney fees when they would not have been entitled to attorney fees if they had prevailed. *Bowlin v. Alley,* 1989 OK 66, ¶ 8, 773 P.2d 365, 367.

■ ¶ 11 In *Thayer v. Phillips Petroleum Co.,* 1980 OK 95, ¶ 15, 613 P.2d 1041, 1045, the Oklahoma Supreme Court applied strict scrutiny review to a similar attorney fee statute that only allowed attorney fees to a successful plaintiff when a defendant removed the case from small claims court to district court. Strict scrutiny review was necessary because the classification between successful plaintiffs and successful defen-

5. Section 1–1918(F) was amended effective July 1, 2003 to delete the award of attorney fees to successful plaintiffs.

dants impacted the fundamental right of equal access to the courts. *Id.*, ¶ 14, 613 P.2d at 1044–45. The Court emphasized, "equal access to the courts and modes of procedures therein, constitute basic and fundamental rights. The courts must be open to all on the same terms without prejudice." *Id.* Strict scrutiny review requires an active and critical analysis, and the state bears the burden of establishing a compelling state interest and that the classification is necessary to further that purpose. *Id.*, ¶ 13, 613 P.2d at 1044; *see also Fair School Finance Council of Oklahoma, Inc. v. State*, 1987 OK 114, ¶ 34, 746 P.2d 1135, 1144 (emphasizing presumption of constitutionality of a statute disappears when statutory classification impacts on a fundamental right). *Thayer* requires that we apply strict scrutiny review to the classification in § 1–1918(F) between successful plaintiffs and successful defendants.

¶ 12 Oklahoma courts have upheld the constitutionality of public interest legislation that only allows attorney fees to plaintiffs under the strict scrutiny standard of review. In *Thayer*, the application of attorney fees to plaintiffs who won after a defendant had removed the case from small claims court to district court survived strict scrutiny review. *Thayer*, ¶¶ 7–8, 613 P.2d at 1043. The Court found there was a compelling state interest in allowing litigants to resolve small claims in a cost-efficient manner in small claims court without being forced to obtain an attorney and expend the time and money litigating in district court. *Id.* In *Alford v. Garzone*, 1998 OK CIV APP 105, ¶ 15, 964 P.2d 944, 948, the Oklahoma Court of Civil Appeals upheld the constitutionality of a statute authorizing attorney fees to a person who obtained a protective order under the Protection From Domestic Abuse Act, but not to a person who successfully defended the entry of a protective order. The court noted the serious problem of domestic violence, which had wide-ranging ramifications and was an issue of "broad public interest." *Id.*, ¶ 13, 964 P.2d at 948. The compelling state interest of encouraging victims of domestic violence to pursue their legal remedies without the threat of attorney fees being awarded against them if an order was not entered

justified the classification. *Id.*, ¶ 15, 964 P.2d at 948.

¶ 13 We distinguish an earlier case, *Chicago, R.I. & P.Ry. Co. v. Mashore*, 1908 OK 95, ¶ 19, 96 P. 630, 635, where the Oklahoma Supreme Court held that a statute awarding attorney fees only to successful plaintiffs for the recovery of payment for personal services violated equal protection. The Court quoted an Ohio case that *focused on the defendant's conduct*, stating laws that imposed attorney fees on a defendant for a negligent or other tortious act were generally upheld, while attempts to assess fees against a defendant who was not engaged in wrongful or tortious conduct were generally found unconstitutional. *Id. (citing Hocking Val. Coal Co. v. Rosser*, 53 Ohio St. 12, 41 N.E. 263 (1895)). In *Mashore*, the claim for payment for services rendered was contractual in nature and did not involve any wrongful conduct, but the attorney fee provision did not leave the parties on equal footing during the litigation. *Id.* By contrast, an action for violations of the Nursing Home Care Act would involve the type of wrongful conduct for which the recovery of attorney fees, the Court recognized, would generally be constitutional.

¶ 14 We find allowing an attorney fee to successful plaintiffs, but not to successful defendants under the Nursing Home Care Act serves the compelling state interest of encouraging private enforcement of the Act. In enacting the Nursing Home Care Act, the legislature was obviously responding to the compelling public interest of protecting nursing home residents from abuse and violations of important rights. Without the possibility of attorney fees, many residents would likely forgo suing for violations of the Act because of their age, mental or physical infirmities or lack of financial resources. The attorney fee provision also acts as an incentive for attorneys to take these cases where contingency fee agreements would not provide an adequate incentive. The fear of paying attorney fees also has an added incentive of encouraging nursing homes to comply with the Act. *See Harris v. Manor Healthcare Corp.*, 111 Ill.2d 350, 95 Ill.Dec. 510, 489 N.E.2d 1374, 1384 (1986) (discussing purpose of treble

damages provision in similar nursing home act); *see also Becovic v. City of Chicago*, 296 Ill.App.3d 236, 230 Ill.Dec. 766, 694 N.E.2d 1044, 1048–1049 (1998) (noting recovery of attorney fees by plaintiffs for violations of civil rights act is an incentive for private enforcement and also serves the social benefit of remedying civil rights violations even if damage awards are small). We conclude the attorney fee provision does not violate the 14th Amendment of the United States Constitution or § 6, Art. II of the Oklahoma Constitution because the state had a compelling interest in encouraging private enforcement of the Nursing Home Care Act, and the attorney fee provision is narrowly drawn to satisfy this purpose.

¶ 15 Tillery also made a separate request for appeal-related attorney fees pursuant to 12 O.S. Supp.2002 § 696.4, based on his eligibility for attorney fees under § 1–1918(F) at trial. Whenever there is statutory authority to award attorney fees in the trial of a matter, the prevailing party may be awarded additional fees for legal services rendered in the appellate court. *State ex rel. Dept. of Transp. v. Carter*, 2005 OK 7, ¶ 6, 107 P.3d 593, 594. We grant Tillery's application for appeal-related attorney fees. After the mandate has issued, the trial court should conduct an attorney fee hearing to determine the amount of that fee and assess it against Tulsa Christian Care.

¶ 16 For these reasons, we AFFIRM the attorney fee award, and REMAND for the trial court to assess appeal-related attorney fees.

ADAMS, P.J., and HANSEN, J. (sitting by designation), concur.